WALT GUION, APPELLANT, *v.* TERRA MARKETING OF NEVADA, INC., RESPONDENT.

No. 7354

June 28, 1974　　　　　　　　523 P.2d 847

238

*C. A. "Jack" Nelson, Chartered,* of Las Vegas, for Appellant.

*Albright & McGimsey,* of Las Vegas, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

The appellant, Walt Guion, is the manager of Kitty's Place, a gift shop located in Las Vegas, Nevada. In September of

1972, Rick Johnson entered into an agreement with Mirabelli, Inc., permitting him to place a "land booth" in the shop. From the booth location, Mr. Johnson invited customers of Kitty's Place to attend land sales presentations of the respondent corporation. Terra Marketing, a subsidiary of Terracor Corporation, paid Mr. Johnson a standard fee for each out-of-state married couple attending a presentation at his behest.

Prior to the expiration of his contract with Mirabelli, Inc., the appellant asked Mr. Johnson to remove his booth from Kitty's Place. When Johnson refused to do so, Mr. Guion displayed several signs, which were attached to his car, in front of Terra Marketing's business location. These signs, clearly visible to persons entering the building to attend the land sales presentations, bore the following statements:

> A Terracor representative threatened to kill me! What next, Rick Johnson. I regret having done business with a Terracor representative. Doing business with a Terracor representative introduced me to a new low in ethics.

Mr. Guion testified that the alleged threat to kill him was based upon words spoken to him by Mr. Johnson in front of the Terra Marketing offices to the effect that "he threatened to knock my (blank) head off my shoulders."

Mr. Guion appeals from the grant of a preliminary injunction restraining him from displaying the above-mentioned signs.

The lower court concluded from substantial evidence in the record that the statements appearing on Mr. Guion's signs were false[1] and malicious and that they tended to discourage prospective customers from doing business with the respondent.

It is a long-standing rule of equity that publication of unjust and malicious matter will not be restrained simply upon a

---

[1] Appellant argues at length that Richard Johnson was in fact a Terracor representative, and that this being true, he has an absolute defense to a claim that his remarks were defamatory. We need not decide whether Mr. Johnson acted in a representative capacity with respect to potential customers of the respondent. The thrust of the defamation is that Johnson, acting on behalf of Terracor, threatened to kill the appellant and that his alleged unethical conduct was imparted to him or encouraged by the respondent. The evidence is clearly to the contrary. Terra Marketing exercised no control over Mr. Johnson's choice of location or the operation of his land booth. Terra Marketing was not a party to the Mirabelli contract which is the focus of the dispute between Mr. Guion and Mr. Johnson.

showing of its falsity. Equity will, however, restrain tortious acts where it is essential to preserve a business or property interests and also restrain the publication of false and defamatory words where it is the means or an incident of such tortious conduct. Wolf v. Gold, 193 N.Y.S.2d 36, 38 (1959). The right to carry on a lawful business without obstruction is a property right, and acts committed without just cause or excuse which interfere with the carrying on of plaintiff's business or destroy its custom, its credit or its profits, do an irreparable injury and thus authorize the issuance of an injunction. Tappan Motors, Inc. v. Waterbury, 318 N.Y.S.2d 125 (1971).

Affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.