NEVADA ESCROW SERVICE, INC., AND LAWYERS TITLE OF LAS VEGAS, INC., APPELLANTS, *v.* GEORGE CROCKETT AND MARGARET CROCKETT, WEED L. PETERSON, ACRO MORTGAGE COMPANY, A NEVADA CORPORATION, AND NEVADA SOUTHERN TITLE, INC., A NEVADA CORPORATION, RESPONDENTS.

No. 7641

March 28, 1975                533 P.2d 471

*Brown & Deaner,* of Las Vegas, for Appellants.

*Cromer, Barker & Michaelson,* of Las Vegas, for Respondents Crocketts.

*Goodman, Snyder & Gang,* of Las Vegas, for Respondent Nevada Southern Title, Inc.

# OPINION

*Per Curiam:*

This appeal at this juncture concerns only the propriety of the refusal of the trial court to issue a preliminary injunction restraining the foreclosure of two deeds of trust covering certain realty in Clark County.

John McNamee, a Las Vegas lawyer, was the buyer for undisclosed principals of property from Security Land & Investment Co., the seller. At the time of the escrow concerning the sale two notes secured by the two deeds of trust covered the property, the beneficiaries being George and Margaret Crockett. The debtor was Ray Petitfils. The notes were in the principal sum of $51,000.00 plus interest at 12%. The buyers were to pay off the existing indebtedness of the Crocketts.

The appellants, as escrow agents, wrote Acro Mortgage for the payoff on the Crockett loan. Acro had negotiated the loan from the Crocketts on behalf of Petitfils and appellant alleges was acting as collecting agent for the loan, no payment on which had been made. Upon receipt of information from Acro that $52,955.00 was the payoff figure, Nevada Escrow Service, Inc., issued its draft in that amount payable to Acro and transmitted it to Acro. Acro deposited the check into its own account. At the time of these events Acro was in bankruptcy.

The Crocketts not receiving payment as prescribed commenced foreclosure of the two deeds of trust. These appellants seek a preliminary injunction to halt those proceedings. The trial court denied the preliminary injunction on the ground that there existed an adequate remedy at law, to wit, money damages. Appellants appeal asserting trial court abuse of discretion for refusal to grant the injunction, and further, that the refusal will result in a multiplicity of lawsuits.

1. As to whether a preliminary injunction should be granted or refused is a question addressed to the discretion of the district court. Berryman v. Int'l Bhd. Elec. Workers, 82 Nev. 277, 280, 416 P.2d 387 (1966); see also Coronet Homes, Inc. v. Mylan, 84 Nev. 435, 442 P.2d 901 (1968). It is unusual when this court will overturn the determination

of the trial court in the matter of a preliminary injunction but in this instance we feel compelled to do so. The central issue probably will be whether or not Acro was the agent of the Crocketts. For the purpose of a preliminary injunction to halt a threatened foreclosure on the property that is the subject of the proposed purchase and about which the litigation arose a prima facie showing of possible agency of Acro to the Crocketts need only be shown. What the total factual pattern is, of course, is left to be developed at the trial. From the record we note that Crockett executed a document appointing Acro Mortgage Company their collection representatives for the promissory note when the payments would come in from Petitfils. That fact is undisputed. Further, when the trust deeds were recorded there appears on the face thereof that they were to be returned to Mr. and Mrs. George Crockett, % Acro Mortgage Company. Taking into consideration the several principles of law that probably will be involved by the time this matter is finally resolved it is the opinion of this court that the preliminary injunction enjoining the foreclosure on the deeds of trust should issue. In this instance the equitable remedy is so far superior that the legal remedy may be rendered inadequate. Czipott v. Fleigh, 87 Nev. 496, 499, 489 P.2d 681, 683 (1971).

It is therefore ordered that the denial thereof by the trial court is reversed and this matter is remanded for the necessary proceedings to give effect hereto.