NUMBER ONE RENT-A-CAR, A NEVADA CORPORATION, APPELLANT, v. RAMADA INNS, INC., A DELAWARE CORPORATION; ECONO-CAR OF LAS VEGAS; AND TRANS WORLD AIRLINES, INC., A FOREIGN CORPORATION, RESPONDENTS.

No. 9807

December 26, 1978                                        587 P.2d 1329

*Allan D. Bray,* Las Vegas, for Appellant.

*John Peter Lee, Ltd.,* and *James C. Mahan,* Las Vegas, for Respondent Ramada Inns, Inc.

*Thorndal, Gentner, Backus, Lyles and Maupin, Ltd.,* Las Vegas, for Respondent Trans World Airlines, Inc.

---

[3]The Chief Justice designated HON. DAVID ZENOFF, Senior Justice, to sit in this case in place of the HON. E. M. GUNDERSON, Justice, who was disqualified. Nev. Const. art. 6, § 19; SCR 243.

## OPINION

*Per Curiam:*

In December, 1974, the parties entered an exclusive licensing agreement whereby appellant acquired the right to provide car rental services to Ramada customers in Las Vegas. Pursuant to a contract between Ramada and TWA, purchasers of TWA package tours were referred to appellant by Ramada for rental vehicles. In this manner, nearly two-thirds of appellant's business was derived from TWA customers. Disputes arose as to payment of certain licensing fees and Ramada instructed its customers, including TWA referrals, that effective January 1, 1977, Econo-Car would henceforth be its car rental agent.

On December 30, 1976, Number One obtained an *ex parte* temporary restraining order prohibiting respondents from any violation of its licensing agreement. Thereafter, on January 3, 1977, appellant filed its complaint for declaratory and permanent injunctive relief. Ramada answered, alleging appellant's license had been revoked for failure to pay the licensing fees. Accordingly, Ramada counterclaimed for damages.

TWA answered the complaint and moved to dissolve the temporary restraining order on the grounds that no contractual relations existed between it and appellant and that in any event, appellant has an adequate remedy at law.

The district judge granted respondents' motion to dissolve the temporary restraining order. Complaining the trial judge abused his discretion by denying the equitable relief, Number One perfected this appeal.

As the grant or denial of a preliminary injunction is a question addressed to the discretion of the district court, our task on appeal is to search the record to determine whether the lower court exceeded the permissible bounds of judicial discretion. Nevada Escrow Service, Inc. v. Crockett, 91 Nev. 201, 533 P.2d 471 (1975), and cases cited therein.

A preliminary injunction to preserve the status quo is normally available upon a showing that the party seeking it enjoys a reasonable probability of success on the merits and that the

defendant's conduct, if allowed to continue, will result in irreparable harm for which compensatory damages is an inadequate remedy. Memory Gardens v. Pet Ponderosa, 88 Nev. 1, 492 P.2d 123 (1972).

In the instant case, we cannot say that the trial court abused its discretion as a matter of law. First, money damages is an adequate remedy for the vindication of appellant's right. Even if the substitution of Econo-Car as Ramada's licensee should force appellant into bankruptcy, the trustee could bring the damages suit in its behalf. Second, Number One has not alleged that it has performed all the terms, covenants and conditions of the agreement on its part. Thus, it has not shown that it is reasonably likely to succeed on the merits. *See* Life of the Land v. Ariyoshi, 577 P.2d 1116 (Hawaii 1978); Alaska Pub. Util. C. v. Greater Anchorage A. Bor., 534 P.2d 549 (Alaska 1975); Continental Baking Company v. Katz, 439 P.2d 889 (Cal. 1968). Indeed, appellant has admitted that it has not paid the required $100.00 licensing fee for some of the cars in its fleet.

Finally, appellant has failed to state any theory by which it would be entitled to relief against TWA or Econo-Car. The contract between Ramada and TWA did not create the rights of a third party beneficiary in appellant. *See* Olson v. Iacometti, 91 Nev. 241, 533 P.2d 1360 (1975). Neither has appellant shown any wrongdoing on the part of Econo-Car.

The trial court properly denied appellant's motion for preliminary injunctive relief. Accordingly, we affirm.[1]

---

[1] The Chief Justice designated HON. DAVID ZENOFF, Senior Justice, to sit in this case in place of the HON. JOHN MOWBRAY, Justice, who was disqualified. Nev. Const. art. 6, § 19; SCR 243.