ALONZO F. MYERS, DORIS FRY, and SIERRA LAND TITLE COMPANY, Appellants, v. DAVID P. JONES and DONNA JONES, Respondents.

No. 12024

February 15, 1983          657 P.2d 1163

*C. Nicholas Pereos,* Reno, for Appellants.

*Smith & Gamble,* Carson City, for Respondents.

## OPINION

By the Court, Legakes, D. J.:[1]

Alonzo F. Myers, Jr., acquired a one acre parcel in Carson City between 1960 and 1962, built a house on it, and encumbered it with a $15,500 note secured by a second deed of trust held by his parents. This parcel is hereafter referred to as the front one acre parcel. An adjoining one acre parcel was acquired by Myers shortly thereafter, and hereafter is referred to as the back one acre parcel. In 1968, Myers quit-claimed the back one acre parcel to his sister and brother-in-law, the Zimmermans, and the deed was recorded.

[1]The Governor designated The Honorable Robert G. Legakes, Judge of the Eighth Judicial District Court, to sit in the place of The Honorable Cameron M. Batjer. Nev. Const., art. 6, § 4.

Myers vacated his house on the front one acre parcel and moved out of state in 1969. In 1971, respondents David and Donna Jones took possession of both the front and back one acre parcels under a lease option purchase agreement prepared by a realtor.

At the trial, the realtor testified that he had a written listing agreement from Mr. Myers which he believed included both the front and back one acre parcels. The listing agreement was not produced at trial and Mr. Myers disputed the fact that the listing agreement covered both parcels of land. Respondents timely exercised their lease option purchase agreement and attempted to close escrow with Mr. Myers. As a result of a foreclosure proceeding brought by a collection service on the front acre, escrow never opened. Ultimately, respondents received title to the front one acre parcel, subject to the encumbrance of $15,500 secured by the deed of trust then held by Myers' mother, and to a second encumbrance which the Joneses eventually paid.

In 1976, Myers' mother assigned her deed of trust on the front one acre parcel to appellant Doris Fry, Mr. Myers' second wife. Fry in turn commenced foreclosure proceeding on the note, which was by its terms due in full on or before August 5, 1975, with interest. Respondents commenced proceedings to enjoin the foreclosure and to determine what amount was due on the note. Respondents also sought a decree of specific performance on the back one acre.

The district court, sitting without a jury, concluded that respondents were entitled to a permanent injunction forbidding Fry from foreclosing on the $15,500 note and further that upon tender by respondents of $28,411.21, both parcels should be conveyed to them. The trial court in granting respondents' prayer for specific performance necessarily found the existence of an agency relationship between Mr. Myers and the Zimmermans, whereby Mr. Myers had the authority to convey the back one acre parcel, previously deeded to the Zimmermans, at the time he entered into the lease option agreement with respondents in 1971.

The determinative issue on appeal is whether the evidence supports the district court's conclusion that Myers was Zimmermans' agent for the purpose of selling the back one acre parcel. The evidence on the record indicates that Mrs. Zimmerman testified that at no time prior to 1977 did she authorize Myers to act as her agent with respect to the sale of the back one acre. There is, however, in addition to Zimmermans' testimony, ample evidence which indicates that an agency relationship did exist at the time Myers entered into the lease option

agreement with respondents in 1971. It is essential that an agent have actual authority, express or implied; however, his authority can be apparent or ostensible and still bind the principal. Apparent authority can be defined as "that authority which a principal holds his agent out as possessing or permits him to exercise or to represent himself as possessing, under such circumstances as to estop the principal from denying its existence." 2A C.J.S. *Agency* § 157(a) (1972). Segura v. Molycorp, 97 N.M. 13, 636 P.2d 284 (1981). The appellate court will not disturb the findings of the lower court if based on substantial evidence. *See* Wiley v. Cook, 94 Nev. 558, 583 P.2d 1076 (1978).

Thus, the trial court did not err in granting specific performance to respondents upon the substantiated findings that prior to 1977 Myers was authorized to sell the back one acre on behalf of the Zimmermans. The holding of the trial court is affirmed in all respects.

MANOUKIAN, C. J., and SPRINGER, MOWBRAY, and GUNDERSON, JJ., concur.