ORBIT STATIONS, INC., A CALIFORNIA CORPORATION AND JACK A. FERGUSON, APPELLANTS, v. WILLIAM CURTIS, INDIVIDUALLY AND DBA WILLIAM CURTIS ARCHITECTS, RESPONDENTS.

No. 14623

March 30, 1984                                        678 P.2d 1153

[Rehearing denied November 1, 1984]

*Vargas & Bartlett,* Reno, for Appellants.

*Robert J. Angres,* Incline Village, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court refusing to set aside a default judgment entered against Orbit Stations, Inc., pursuant to NRCP 60(c). Orbit Stations contends that the lower court erred in refusing to set aside the default judgment, because Orbit Stations had not been personally served with process. We agree.

Respondents served the summons and complaint upon Paul Davison, who told the process servers that he was the managing agent of Orbit Stations. The crucial issue litigated in the proceedings below was whether Davison was, in fact, a managing agent of Orbit Stations within the meaning of NRCP 4(d)(2). At the hearing on the motion to vacate the default judgment, Davison testified that he worked for Intermountain Supply, a company located on the same premises as Orbit Stations. Davison testified that he thought the process servers asked him if he was the manager of Intermountain, to which he responded in the affirmative. He testified that he did not work for, and was not the manager of, Orbit Stations.

NRCP 4(d)(2) sets forth the method of personally serving a foreign corporation. The rule provides:

> If the suit is against a foreign corporation, or a nonresident partnership, joint-stock company or association, doing business and having a managing or business agent, cashier, or secretary within this state; to such agent, cashier, or secretary or to an agent designated for service of process as required by law; or in the event no such agent is designated, to the secretary of state or the deputy secretary of state, as provided by law.

In the order refusing to vacate the default judgment, the court below stated:

> The Court finds that Davison's testimony as to actual employment or contractual relation with Orbit Stations, Inc., as straining one's credibility. The testimony of Deputy Sheriffs Robins and Lewis, who have nothing to gain or lose and no interest in this proceeding is more credible, i.e., that Paul Davison did represent himself as manager of Orbit Stations, Inc., at its office on July 13, 1982.

This finding, that Davison represented himself as Orbit Stations' manager, did not resolve the crucial issue mentioned

above, and was insufficient to establish the validity of the service in the face of Orbit Stations' contention that Davison was not actually Orbit Stations' manager. The evidence produced at the hearing below established that Davison did not have an employment or agency relationship with Orbit Stations. Where an individual lacks actual authority to act on behalf of a principal, the individual's representation that he is an authorized agent of a principal does not, by itself, establish such authorization. *See* Tsouras v. Southwest Plumbing & Heating, 94 Nev. 748, 587 P.2d 1321 (1978); Wilshire Insurance Co. v. State, 94 Nev. 546, 582 P.2d 372 (1978) (service of notice of bail forfeiture on bail bondsman, special agent for a bail surety, was not notice to the surety despite actions of bail bondsman, where actions were undertaken without the consent or acquiescence of the surety). A principal may be bound by an individual's representations only if the principal consents or acquiesces to the representations. Myers v. Jones, 99 Nev. 91, 657 P.2d 1163 (1983); Goldstein v. Hanna, 97 Nev. 559, 635 P.2d 290 (1981); Wilshire Insurance Co. v. State, *supra*. In this case there was no evidence presented that Orbit Stations acquiesced in or consented to Davison's representation. Accordingly, the order of the district court is reversed, the case is remanded, and the district court shall grant Orbit Stations twenty days within which to file an answer to the complaint.[1]

[1]Justice Charles E. Springer voluntarily recused himself from the consideration of this case.