SAUL O. SOBOL, DBA PHYSICIANS MEDICAL CENTER, APPELLANT, v. CAPITAL MANAGEMENT CONSULTANTS, INC., A NEVADA CORPORATION; FRED E. DE FLORENTIS, INDIVIDUALLY AND AS AN OFFICER OF SAID CORPORATION; AUDRY LINDE DE FLORENTIS, INDIVIDUALLY AND AS AN OFFICER OF SAID CORPORATION, RESPONDENTS.

No. 16876

October 8, 1986                              726 P.2d 335

[Rehearing denied December 15, 1986]

*Lionel, Sawyer & Collins* and *Anthony Cabot,* Las Vegas, for Appellant.

*Charles M. Damus,* Las Vegas, for Respondents.

# OPINION

*Per Curiam:*

## FACTS

Appellant Saul Sobol (Sobol) is a physician licensed to practice medicine in Nevada. In 1983, Sobol created a multi-specialty medical clinic named "Physicians Medical Center." Since the clinic's inception, Sobol has spent approximately $30,000 per month advertising the clinic and its services. Sobol's clinic has been successful; it has gone from one physician and no patients in September 1983 to twenty physicians and approximately 30,000 patients in 1985.

Respondent Capital Management Consultants, Inc. (CMC) owns General Practice Associates (GPA), a medical clinic in direct competition with Physicians Medical Center. In December 1984, CMC learned that Sobol had never filed a certificate of business under the fictitious name "Physicians Medical Center."[1] Shortly thereafter, in March 1985, CMC filed a fictitious name certificate claiming to be doing business under the name "Physician's Medical Center." But for the addition of an apostrophe, the new name of CMC's medical clinic is identical to that used by Sobol for his clinic.[2]

In August 1985, CMC sent a letter to Sobol's landlord stating that CMC possessed the sole legal right to do business as "Physicians Medical Center," and requesting that the landlord remove any signs belonging to Sobol that used that name. CMC also sent letters to Sobol's advertisers asserting its right to use the name "Physicians Medical Center," and requesting that the advertisers cease using the name in conjunction with Sobol's clinic. CMC also advertised using the name "Physicians Medical Center." Sobol filed a complaint in district court alleging that CMC had

---

[1] This fact came to light at the taking of Sobol's deposition by CMC's counsel in connection with an antitrust action brought by CMC against Sobol and others. The antitrust action is unrelated to this appeal.

[2] Although the fictitious name certificate shows an apostrophe in the name, CMC no longer uses the apostrophe; therefore, CMC uses the same name as Sobol does.

infringed upon Sobol's trade name, engaged in deceptive trade practices, and interfered with Sobol's contractual relations and prospective business advantage. The complaint also sought a preliminary and permanent injunction to restrain CMC from doing business as "Physicians Medical Center" and from communicating with any of Sobol's suppliers.

The district court granted Sobol's motion for a preliminary injunction to enjoin CMC from contacting Sobol's suppliers or interfering with Sobol's business. However, the district court refused to grant a preliminary injunction to prevent CMC's use of the name "Physicians Medical Center." Sobol appealed and this court entered an order enjoining CMC from using the name "Physicians Medical Center" pending the outcome of this appeal.

## DISCUSSION

Sobol contends that the district court abused its discretion in refusing to grant in full his request for a preliminary injunction. 'A preliminary injunction is available upon a showing that the party seeking it enjoys a reasonable probability of success on the merits and that the defendant's conduct, if allowed to continue, will result in irreparable harm for which compensatory damages is an inadequate remedy. Number One Rent-A-Car v. Ramada Inns, 94 Nev. 779, 780, 587 P.2d 1329, 1330 (1978).

Without expressing an opinion on the merits of Sobol's complaint below, we conclude that Sobol has established a reasonable likelihood of prevailing on the merits. Furthermore, acts committed without just cause which unreasonably interfere with a business or destroy its credit or profits, may do an irreparable injury and thus authorize issuance of an injunction. Guion v. Terra Marketing of Nev., Inc., 90 Nev. 237, 240, 523 P.2d 847, 848 (1974). CMC's alleged usurpation of the name "Physicians Medical Center" clearly interferes with the operation of a legitimate business by creating public confusion, infringing on goodwill, and damaging reputation in the eyes of creditors. To allow CMC to continue this conduct pending a determination on the merits of Sobol's complaint may result in irreparable damage to Sobol. To prohibit CMC's use of the name until a final determination of the merits, however, will damage neither party. We conclude, therefore, that denial of Sobol's motion for a preliminary injunction exceeded the permissible bounds of judicial discretion.

Additionally, some discussion of the brief submitted by respondents is in order. This court recently warned the bar that

"[w]e expect and require that *all* appeals brought in this court . . . will be pursued in a manner meeting high standards of diligence, professionalism, and competence." State, Emp. Sec. Dep't v. Weber, 100 Nev. 121, 123, 676 P.2d 1318, 1319 (1984) (emphasis in original). In the answering brief, CMC strenuously argues that Sobol affirmatively admitted and acknowledged in a statement of stipulated facts issued prior to the preliminary hearing that the term "Physicians Medical Center" was "not capable of tradename [sic] or copyright registration and is in the public domain." This is a blatant misrepresentation of the stipulated facts. The supposed "admission" provides in pertinent part:

> 18. The sole and only basis upon which Defendants claim a legal right to the name "Physician's Medical Center" is by virtue of the filing of the fictitious name certificate in March of 1985, the issuance of a county business license in May of 1985 and that said name is not capable of trade name or copyright registration and is in the public domain.

CMC also quotes language from Frederick Gash, Inc. v. Mayo Clinic, 461 F.2d 1395 (C.C.P.A. 1972), as though it were the holding of the case, when in fact the language comes from the dissent. While vigorous advocacy of a client's cause is expected and encouraged, these representations transcend the outer limits of zeal and become statements of guile and delusion. In light of CMC's disregard of the rules and professional standards established by this court, we have determined that the imposition of sanctions on respondents is warranted. *See* NRAP 38(b). Accordingly, CMC shall pay the sum of $5,000.00 to the Clark County Law Library Contribution Fund within thirty (30) days from the date of the issuance of this opinion, and shall promptly provide the clerk of this court with proof of such payment.

For the foregoing reasons, we reverse the order of the district court and remand for further proceedings consistent with this opinion.