RICHARD P. DIXON AND SHARON E. DIXON, APPEL-LANTS, v. R. H. THATCHER, E. E. BUCHANAN AND C. READE KALEY, RESPONDENTS.

No. 17835

September 30, 1987                    742 P.2d 1029

*C. Nicholas Pereos* and *Laurie A. Yott,* Reno, for Appellants.

*Guild, Hagen & Clark, Ann Morgan,* and *C. Joseph Guild III,* Reno, for Respondents.

## OPINION

*Per Curiam:*

The Dixons borrowed money from Lemons and Associates which was secured by a promissory note and deed of trust. Lemons assigned the note and deed of trust to R. H. Thatcher and his niece, E. E. Buchanan. Lemons continued collecting monthly payments on behalf of Thatcher and Buchanan. Stewart Title of Northern Nevada set up an escrow in order for the Dixons to pay off the entire loan and sent a check for $62,339.50 to Lemons. Lemons declared bankruptcy and did not forward the money to Thatcher and Buchanan, who instituted foreclosure proceedings against the Dixons. The district court denied a preliminary injunction to stop the foreclosure. We conclude the district court erred.

The Dixons contend, and we agree, that the district court abused its discretion in not granting their motion for a preliminary injunction. A preliminary injunction to preserve the status quo is normally available upon a showing that the party seeking it enjoys a reasonable probability of success on the merits and that the defendant's conduct, if allowed to continue, will result in irreparable harm for which compensatory damage is an inadequate remedy. Number One Rent-A-Car v. Ramada Inns, 94 Nev. 779, 780, 587 P.2d 1329, 1330 (1978).

The district court held that the Dixons had not met the burden of proof on irreparable harm as required by statute. NRS 33.010 provides, in relevant part, "An injunction may be granted in the following cases: . . . 2. When it shall appear by the complaint or affidavit that the commission or continuance of some act, during

the litigation, would produce great or irreparable injury to the plaintiff.'' Because real property and its attributes are considered unique and loss of real property rights generally results in irreparable harm, the district court erred in holding otherwise. *See* Leonard v. Stoebling, 102 Nev. 543, 728 P.2d 1358 (1986) (view from home is unique asset; injunction issued to preserve view); *see also* Nevada Escrow Service, Inc. v. Crockett, 91 Nev. 201, 533 P.2d 471 (1975) (denial of injunction to stop foreclosure reversed because legal remedy inadequate). The Dixons had built a log house which they use as their home. If the house is sold at a trustee's sale, they will not be able to reclaim it. The house is worth in excess of $127,000. Thatcher holds the first deed of trust for a debt of approximately $59,000. Clearly, compensatory damages do not provide an adequate remedy in this situation.

However, even if damages are an inadequate remedy, the Dixons must also show a reasonable likelihood of prevailing on the merits before a preliminary injunction can issue. *See* Number One Rent-A-Car v. Ramada Inns, *supra,* 94 Nev. 779, 587 P.2d 1329. The district court held that there was little likelihood of success on the merits because the Dixons had actual notice of the assignment to Thatcher by Thatcher's recording of the assignment. Stewart Title, the Dixons' agent, obtained actual notice when it ran a title search and found the recorded assignment. NRS 106.210 provides as relevant: ''[A]ny assignment of the beneficial interest under a deed of trust may be recorded, and from the time any of the same are so filed for record shall operate as constructive notice of the contents thereof to all persons.''

The Dixons maintain that Lemons was Thatcher's agent and, therefore, their payment to Lemons was proper. They rely on Nevada Escrow Service, Inc. v. Crockett, *supra,* 91 Nev. 201, 533 P.2d 471, which held: ''For the purpose of a preliminary injunction to halt a threatened foreclosure on the property that is the subject of the proposed purchase and about which the litigation arose a *prima facie showing of possible agency* . . . need only be shown.'' *Id.* at 203, 533 P.2d at 472, emphasis supplied. *Nevada Escrow* is nearly identical to the present case. The Crocketts were the beneficiaries of two deeds of trust on property which was being sold. The buyers agreed to pay off the existing debt of $51,000 plus 12% interest owed by Ray Petitfils. Nevada Escrow, as escrow agent, wrote Acro Mortgage for the payoff on the Crockett loan. Acro had negotiated the loan from the Crocketts on behalf of Petitfils and allegedly was acting as collecting agent for the loan even though no payments had been made. Nevada Escrow issued a draft in the amount of $52,955.00, payable to Acro, who deposited it in their account. Acro was bankrupt at the time. When the Crocketts did not get paid, they commenced

foreclosure proceedings. The district court denied a motion for a preliminary injunction on the grounds that money damages were an adequate remedy at law. We reversed, holding a preliminary injunction should issue if a *prima facie* showing of possible agency of Acro to the Crocketts was shown. We found such a showing because the Crocketts had executed a written document appointing Acro their collection representative for the promissory note when the payments would come in from Petitfils. Also, when the trust deeds were recorded, there was a notation that they were to be returned to the Crocketts, c/o Acro Mortgage Company.

The district court in the present case distinguished *Nevada Escrow* on the basis that there was no written document appointing Lemons the collection representative and nothing on the trust deed stating they were to be returned "c/o" Lemons. This is an insufficient distinction between the two cases. Unlike *Nevada Escrow,* several months of payments to Lemons may be sufficient to convince the trier of fact that Lemons had actual or apparent authority to act as collection representative for Thatcher.

The Dixons made a *prima facie* showing of agency between Lemons and Thatcher and therefore are entitled to a preliminary injunction of the foreclosure. To bind a principal, an agent must have actual authority, express or implied, or apparent authority. *See* Myers v. Jones, 99 Nev. 91, 93, 657 P.2d 1163, 1164 (1983). Apparent authority is "that authority which a principal holds his agent out as possessing or permits him to exercise or to represent himself as possessing, under such circumstances as to estop the principal from denying its existence." *Id.*

We conclude there are sufficient indicia of agency here because there is no dispute that Lemons was authorized to collect monthly payments. We believe the trier of fact could find Thatcher's authorization of Lemons to collect monthly payments created a sufficient agency relationship to justify an assumption by Stewart Title that Thatcher had given Lemons the authority, actual or apparent, to collect the final payoff and reconvey the documents.

As a general rule, we will not overturn the district court's ruling on a preliminary injunction. *Nevada Escrow Service, supra,* 91 Nev. at 202-203, 533 P.2d at 472; *see also* Boyes v. Valley Bank, 101 Nev. 287, 701 P.2d 1008 (1985). However, where, as here, we conclude that the district court erred, we will not hesitate to do so. Accordingly, we reverse the district court's order denying the request for a preliminary injunction, and remand the matter to the district court for further proceedings.