NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 1 2014

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EAGLE INVESTORS, | No. 14-15507 |
| Plaintiff - Appellant, | D.C. No. 2:14-cv-00123-GMN-NJK |
| v. | |
| BANK OF AMERICA, NA; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Argued and Submitted November 17, 2014
San Francisco, California

Before: GOULD, WATFORD, and FRIEDLAND, Circuit Judges.

Eagle Investors, a Nevada corporation, appeals from the district court's order

denying its motion for a preliminary injunction in this diversity action.   We have

jurisdiction under 28 U.S.C. § 1292(a)(1).   We vacate and remand.

The district court erred in concluding that Eagle Investors has not shown a

likelihood of irreparable harm.   Where, as here, a right of action arises under state

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

law, state law must also govern the extent to which damages are available to vindicate that right. *See Clausen v. M/V New Carissa*, 339 F.3d 1049, 1064-65 (9th Cir. 2003); *Begay v. Kerr-McGee Corp.*, 682 F.2d 1311, 1317-18 (9th Cir. 1982). Under Nevada law, "real property and its attributes are considered unique and loss of real property rights generally results in irreparable harm"—that is, harm that cannot be adequately remedied through money damages. *Dixon v. Thatcher*, 742 P.2d 1029, 1030 (Nev. 1987) (per curiam); *see also Hamm v. Arrowcreek Homeowners' Ass'n*, 183 P.3d 895, 901 (Nev. 2008) (en banc) ("[H]arm is 'irreparable' if it cannot adequately be remedied by compensatory damages."). The Nevada Supreme Court has viewed the loss of real property as irreparable harm even where the real property's putative owner is a corporate entity, and where the real property is to be used for a commercial purpose. *See Thirteen S. Ltd. v. Summit Vill., Inc.*, 866 P.2d 257, 259 (Nev. 1993) (per curiam); *Stoltz v. Grimm*, 689 P.2d 927, 930 (Nev. 1984) (per curiam). Thus, under Nevada law, Eagle Investors' loss of real property would constitute irreparable harm.

We VACATE the district court's order denying Eagle Investors' motion for a preliminary injunction, and REMAND so that the district court can consider the remaining preliminary injunction factors in the first instance. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

**VACATED and REMANDED.** Appellees shall bear costs on appeal.