**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 23 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NNN SIENA OFFICE PARK I 2, LLC et al., | Nos. 14-16991, 14-16993 |
| Plaintiffs-Appellants, | D.C. No. 2:12-cv-01524-MMD-PAL |
| v. | MEMORANDUM* |
| WACHOVIA BANK NATIONAL ASSOCIATION, now known as Wells Fargo Bank, National Association, successor by merger; and HOLLAND & HART, LLP, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted November 17, 2016
San Francisco, California

Before: THOMAS, Chief Judge, and GILMAN** and FRIEDLAND, Circuit
Judges.

In this securities-fraud action against Wachovia Bank National Association

and this breach of fiduciary duty action against Holland & Hart, LLP, the district

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Ronald Lee Gilman, United States Circuit Judge for
the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

court granted summary judgment in their favor. For the reasons set forth below, we affirm.

## I.

The district court granted summary judgment to Wachovia based on the applicable statutes of limitation. A claim for aiding and abetting fraud is subject to the same statute of limitations as the underlying fraud-based cause of action. *USACM Liquidating Tr. v. Deloitte & Touche LLP*, 764 F. Supp. 2d 1210, 1231 (D. Nev. 2011). The statute of limitations for securities fraud runs "within the earliest of 2 years after the discovery of the violation, 2 years after discovery should have been made by the exercise of reasonable care, or 5 years after the act, omission or transaction constituting the violation." Nev. Rev. Stat. § 90.670. Claims based on common-law fraud are subject to a longer statute of limitations, which expires three years after the plaintiff discovered, or should have discovered through "the exercise of proper diligence," the facts underlying the alleged fraud. Nev. Rev. Stat. § 11.190(3)(d); *see also Howard v. Howard*, 239 P.2d 584, 589 (Nev. 1952).

Although the limitations period typically begins to run when a wrong occurs, the discovery rule provides that the statute of limitations is tolled "until the injured party discovers or reasonably should have discovered facts supporting a cause of action." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 780 (9th Cir. 2002)

2

(quoting *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990)). The accrual date is usually a question for the jury, but the beginning of the limitations period may be decided as a matter of law when "uncontroverted evidence proves that the plaintiff discovered or should have discovered the facts giving rise to the claim." *Siragusa v. Brown*, 971 P.2d 801, 812 (Nev. 1998).

The uncontroverted evidence in this case shows that the plaintiff investors should have discovered the facts giving rise to their claim by November 2008. In the November 2008 quarterly report by property manager Grub & Ellis Realty Investors, LLC (GERI), the investors were informed of the litigation relating to Val Southwick, Southwick's connection to the Property, and the freezing of the Holdback Funds. The investors also had prior knowledge of Wachovia's role as the designated lender for the sale of interests in the Property, so GERI's failure to mention the bank in the November 2008 quarterly report is immaterial. Because the investors filed their complaint in July 2012, more than three and a half years after they should have discovered the facts underlying the alleged fraud, their claims are barred by both of the cited statutes of limitation.

## II.

The investors next contend that Holland & Hart purported to represent them in the receivership litigation without their consent. They argue that GERI exceeded its authority as their agent by retaining Holland & Hart as counsel for the

investors as well as for GERI in that litigation. Under Nevada law, a principal "may be bound by the acts of its agent as to third parties who have no reason to know of the agent's improper conduct[,] . . . even when the agent acts for his own motives and without benefit to his principal." *Homes Sav. Ass'n v. Gen. Elec. Credit Corp.*, 708 P.2d 280, 283 (Nev. 1985). The "agent must have actual authority, express or implied, or apparent authority" to bind the principal in such a way. *Dixon v. Thatcher*, 742 P.2d 1029, 1031 (Nev. 1987).

GERI, acting as an agent for the investors, did not have the express authority to retain Holland & Hart to represent them. This action was authorized, however, by GERI's implied authority. Implied authority is authority "which the agent reasonably believes himself to possess as a result of representations by the principal or of acts of the agent permitted by the principal over a course of time in which the principal has acquiesced." *Coblentz v. Riskin*, 322 P.2d 905, 907 (Nev. 1958). A principal must have knowledge of the material facts and accept the benefits of the agent's action in order to ratify the action by acquiescence. *Fed. Mining & Eng'g Co. v. Pollak,* 85 P.2d 1008, 1011-12 (Nev. 1939).

The evidence here demonstrates that the investors were made aware of the receivership litigation and of Holland & Hart's representation of GERI on numerous occasions, yet they did not object. Moreover, the investors suggest that they knew or assumed that they had been sued alongside GERI. The November

4

2008 quarterly report informed the investors that GERI had "hired a national law firm to pursue legal remedies to expedite the release of these funds." Subsequent quarterly reports contained updates on the litigation, and numerous expense reports disclosed to the investors that fees were being paid to Holland & Hart. In addition, the investors were invited to participate in quarterly conference calls in which the litigation surrounding the Property was discussed.

GERI's reasonable belief that it had the authority to manage the litigation and to engage Holland & Hart, coupled with the investors' acquiescence, establishes its implied authority. The district court therefore did not err in granting Holland & Hart's motion for summary judgment on this ground.

## III.

Finally, the district court properly granted Holland & Hart's motion for summary judgment on the investors' claim for breach of fiduciary duty, which was based on the allegation that there was a conflict of interest in Holland & Hart's concurrent representation of both GERI and the investors. Under Nevada law, "[a] concurrent conflict of interest exists if: (1) [t]he representation of one client will be directly adverse to another client; or (2) [t]here is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Nev. Rules of Prof'l Conduct 1.7(a).

The investors put forth no evidence indicating that such a conflict existed. As the district court correctly noted, the interests of GERI and the investors were largely aligned—to clarify ownership of the Holdback Funds and to defend against allegations that the sale of the Property was fraudulent. Although the investors allege that they had potential claims against GERI for indemnification about which Holland & Hart failed to inform them, the investors failed to provide evidence of damages that they suffered as a result of this alleged conflict. Their damages calculation consisted only of legal fees, but the investors conceded during oral argument before the district court that, "had Holland & Hart not filed the motion to intervene, the investors, as owners of the Property, would have likely needed to seek intervention at some point." *NNN Siena Office Park I 2, LLC v. Wachovia Bank Nat'l Ass'n*, No. 2:12-CV-01524-MMD-PAL, 2014 WL 4417859, at *6 n.4 (D. Nev. Sept. 8, 2014). In sum, there is no genuine dispute of material fact to support the allegation that Holland & Hart's concurrent representation of both GERI and the investors constituted a conflict of interest.

For the foregoing reasons, we **AFFIRM**.