*Vacated per order filed 4/9/21.*

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| TRIANGULUM PARTNERS, LLC, A New Mexico Limited Liability Company, Appellant, vs. GALAXY GAMING, INC., A Nevada Corporation, Respondent. | No. 79555 |

**FILED**

MAR 26 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an interlocutory appeal from a district court order denying a motion for a preliminary injunction. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

Triangulum Partners, LLC, and Galaxy Gaming, Inc., have a longstanding business relationship, with Triangulum as one of Galaxy's largest shareholders. Their relationship soured over gaming regulatory matters, which led Galaxy to undertake to redeem Triangulum's shares. After the redemption occurred, Triangulum sued, seeking to invalidate the redemption as noncompliant with Galaxy's articles of incorporation and to recover money damages. Triangulum also filed a motion for a preliminary injunction, ostensibly to restrain Galaxy from canceling the redeemed treasury shares. The district court heard argument on the motion but did not take evidence. At the end of the hearing, the district court denied Galaxy's motion for preliminary injunctive relief. This appeal followed. *See* NRAP 3A(b)(3) (authorizing interlocutory appeal of an order refusing to grant an injunction).

To obtain a preliminary injunction, "the moving party must show that there is a likelihood of success on the merits *and* that the nonmoving party's conduct, should it continue, would cause irreparable

21-08678

harm for which there is no adequate remedy at law." *Dep't of Conservation & Nat. Res., Div. of Water Res. v. Foley*, 121 Nev. 77, 80, 109 P.3d 760, 762 (2005) (emphasis added); NRS 33.010(1), (2) (providing for injunctive relief where the plaintiff suffers irreparable injury and is entitled to relief). Here, the district court found it unlikely that Triangulum, the moving party, would suffer irreparable harm from the redemption because money damages could remedy the alleged breach of Galaxy's articles of incorporation. We agree and find no abuse of discretion by the district court in denying preliminary injunctive relief on this basis. *See Shores v. Glob. Experience Specialists, Inc.*, 134 Nev. 503, 505, 422 P.3d 1238, 1241 (2018) (reviewing the denial of preliminary injunctive relief under an abuse of discretion standard and for clear factual or legal error).

It is black letter law that "an injunction will not be ordered if damages would be adequate to protect the expectation interest of the injured party." Restatement (Second) of Contracts § 359(1) (Am. Law Inst. 1981). And in contracts cases, which include claims for breach of a company's articles of incorporation, *Waggoner v. Laster*, 581 A.2d 1127, 1134 (Del. 1990) ("A certificate of incorporation is viewed as a contract among shareholders . . . ."), money damages are ordinarily adequate, *No. One Rent-A-Car v. Ramada Inns, Inc.*, 94 Nev. 779, 781, 587 P.2d 1329, 1331 (1978) (holding that harm is not irreparable if it can be remedied through an award of monetary damages); *see Excellence Cmty. Mgmt., LLC v. Gilmore*, 131 Nev. 347, 353, 351 P.3d 720, 723 (2015) ("Irreparable harm is an injury for which compensatory damage is an inadequate remedy.") (internal quotation marks omitted); *Rd. & Highway Builders, LLC v. N. Nev. Rebar, Inc.*, 128 Nev. 384, 392, 284 P.3d 377, 382 (2012) (stating that money damages ordinarily "make the aggrieved party whole and . . . place

the plaintiff in the position he would have been in had the contract not been breached") (internal quotation marks omitted).

Triangulum cites its concern that any eventual money judgment may prove uncollectible as a basis for reversing the district court. But even assuming, arguendo, that the difficulty of collecting on any judgment could establish irreparable harm, *but see Grupo Mexicano de Desarrollo, S.A. v. All. Bond Fund, Inc.*, 527 U.S 308, 320 (1999) (indicating that a right to recover a monetary judgment must be established prior to a court's equitable interference with a debtor's use of its property), Triangulum only offers argument, not evidence, to demonstrate Galaxy's financial condition. This argument is not enough. *Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC*, 133 Nev. 247, 253, 396 P.3d 754, 759 (2017) (Stiglich, J., concurring) ("[A]rgument is not evidence.").

Triangulum also directs us to cases that support injunctive relief against acts that "unreasonably interfere with a business." (Internal quotation marks omitted.) But these cases are distinguishable—they do not involve breach of contract claims like those asserted here—*see Sobol v. Capital Mgmt. Consultants, Inc.*, 102 Nev. 444, 446, 726 P.2d 335, 336-37 (1986) (appropriation of trade name), *Guion v. Terra Mktg. of Nev., Inc.*, 90 Nev. 237, 239-40, 523 P.2d 847, 848 (1974) (enjoining tortious use of false and defamatory words designed to harm business), and *Am. Gen. Corp. v. Unitrin, Inc.*, Civ. A. Nos. 13699, 13656, 13663, 13665, 13676, 13685, 13684, 1994 WL 512537, at *5 (Del. Ch. 1994) (finding irreparable harm where bids on a business were chilled).

Because Triangulum did not establish irreparable injury, we conclude the district court did not abuse its discretion when it denied Triangulum's motion for preliminary injunctive relief. Without expressing

any opinion on the merits of the parties' claims and counterclaims, we therefore affirm.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:    Hon. Nancy L. Allf, District Judge
       Ara H. Shirinian, Settlement Judge
       Garman Turner Gordon
       Jones Lovelock
       Pisanelli Bice, PLLC
       Eighth District Court Clerk