# IN THE SUPREME COURT OF THE STATE OF NEVADA

MM DEVELOPMENT COMPANY, INC.,
D/B/A PLANET 13, A NEVADA
CORPORATION,
Appellant,
vs.
TRYKE COMPANIES SO NV, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Respondent.

No. 81938

FILED

APR 27 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF REVERSAL

This is an appeal from a district court order granting a preliminary injunction. Eighth Judicial District Court, Clark County; James Crockett, Judge.

Appellant MM Development Company, Inc. and respondent Tryke Companies SO NV, LLC are competitors in the Las Vegas cannabis industry, operating dispensaries located across the street from each other. MM Development operates a dispensary known as "Planet 13" and Tryke operates a dispensary known as "Reef."

Tryke sued MM Development for civil conspiracy, aiding and abetting, and intentional interference with economic advantage, taking issue with Planet 13's policy of paying, as relevant here, rideshare drivers to bring passengers to its dispensary. Tryke alleged MM Development was working with rideshare drivers to unlawfully divert passengers from Reef to Planet 13. Tryke based these allegations on word of mouth and a "secret shopper" investigation, in which it found that some rideshare drivers were taking passengers to Planet 13 instead of their original intended destination, Reef.

22-13320

After the district court denied MM Development's motion to dismiss, Tryke moved for a preliminary injunction, which the district court granted. Under the preliminary injunction, (1) "Planet 13 is enjoined from paying any fee or commission to rideshare service drivers in exchange for bringing passengers to Planet 13 rather than another cannabis dispensary; and" (2) "Planet 13 is enjoined from advertising to rideshare drivers" that it will pay them for such actions. MM Development appeals this preliminary injunction order.

MM Development contends the district court erred by issuing the preliminary injunction because it argues that Tryke is not likely to succeed on the merits of its claims and that Tryke is not threatened by irreparable harm. MM Development also asserts the district court erred by not holding an evidentiary hearing and by issuing an injunction with overly broad terms.

We review a district court's order granting a preliminary injunction for an abuse of discretion. *Labor Comm'r v. Littlefield*, 123 Nev. 35, 39, 153 P.3d 26, 28 (2007). A district court can abuse its discretion if it disregards controlling law. *Shores v. Global Experience Specialists, Inc.*, 134 Nev. 503, 505, 422 P.3d 1238, 1241 (2018).

Pursuant to NRS 33.010, a court may grant a preliminary injunction when the moving party proves "a reasonable probability of success on the merits and that the defendant's conduct, if allowed to continue, will result in irreparable harm for which compensatory damage is an inadequate remedy." *Dixon v. Thatcher*, 103 Nev. 414, 415, 742 P.2d 1029, 1029 (1987). This court has "determined that acts committed without just cause which unreasonably interfere with a business or destroy its credit or profits, may do an irreparable injury." *State, Dep't of Bus. & Indus., Fin.*

*Insts. Div. v. Nev. Ass'n Servs., Inc.*, 128 Nev. 362, 370, 294 P.3d 1223, 1228 (2012) (internal quotation marks omitted). Such a situation may arise when a business creates a situation for a competitor that causes "public confusion, infring[es] on goodwill, and damag[es] reputation in the eyes of creditors." *See Sobol v. Capital Mgmt. Consultants, Inc.*, 102 Nev. 444, 446, 726 P.2d 335, 337 (1986).

The district court concluded Tryke was likely to succeed on the merits of its claims and that Tryke was faced with irreparable harm if the court did not issue the preliminary injunction. The court determined that Planet 13's practice of paying rideshare drivers was "causing substantial damage and irreparable harm to Tryke's sales and customer acquisitions that cannot be fully ascertained or redressed solely through money damages." It further concluded that Planet 13's business practices, if allowed to continue, would "lead to irremediable loss of Tryke's brand value, consumer loyalty, and inherent goodwill of the dispensary itself."

Both parties presented evidence to the district court to demonstrate that many other dispensaries and businesses in Las Vegas engage in this practice of paying rideshare drivers to bring passengers to their locations. As this court has stated, "[p]erhaps the most significant privilege or justification for interference with a prospective business advantage is free competition." *Crockett v. Sahara Realty Corp.*, 95 Nev. 197, 199, 591 P.2d 1135, 1136 (1979); *see also* Restatement (Second) of Torts § 767 cmt. a (Am. Law Inst. 1979) ("[T]here is a requirement that the interference be both intentional and improper."); Restatement (Second) of Torts § 768(1) & cmt. a (Am. Law Inst. 1979) (recognizing that "competition is not an improper basis for interference" with a prospective relationship when certain conditions are present). Businesses are free to compete for

potential customers through all fair and reasonable means. *Crockett*, 95 Nev. at 199, 591 P.2d at 1136.

However, we need not resolve the issue of whether the district court erred in determining Tryke was likely to succeed on the merits of its tort claims because we conclude Tryke failed to meet its burden to prove that it will, absent injunctive relief, suffer irreparable harm for which compensatory damages would be an inadequate remedy. Notably, Tryke did not present evidence of harm from actual or prospective customers to prove any alleged irreparable harm. Mere conjecture about possible loss of business and reputation due to a competitor engaging in a business practice that is common in the local industry is insufficient to prove irreparable harm. *See Dixon*, 103 Nev. at 415, 742 P.2d at 1029 (providing that a plaintiff must prove that "the defendant's conduct, if allowed to continue, *will result* in irreparable harm for which compensatory damage is an insufficient remedy") (emphasis added). Thus, we conclude Tryke failed to show that any alleged harm could not be remedied by monetary damages.

We additionally conclude Tryke failed to prove monetary damages would be difficult to calculate. *See Dixon*, 103 Nev. at 415, 742 P.2d at 1029; *see also Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992) ("[A]n injury is not fully compensable by money damages if the nature of the plaintiff's loss would make money damages difficult to calculate."). During oral argument, this court inquired as to how Planet 13's actions created irreparable harm that could not be remedied by calculable monetary damages. Tryke could not identify any specific difficulty in how it could calculate damages, and instead continued to speculate that it might suffer generalized harm to its reputation for which monetary damages would be insufficient. In its rebuttal, MM Development

explained that the 1099 tax documents it retains would form a basis for Tryke to calculate monetary damages, if warranted. We agree with MM Development. While we recognize that the tax documents do not contain all information necessary to calculate alleged damages, the tax documents provide a starting point for an expert to calculate damages. *See Frantz v. Johnson*, 116 Nev. 455, 469, 999 P.2d 351, 360 (2000) (explaining that "a party seeking damages may utilize an expert economist to assist in the calculation of the total damages sustained" and "that damages need not be proven with mathematical exactitude," so long as the calculations are based on facts known to the expert).

Any potential harm here is compensable and MM Development's tax records, under the circumstances presented here, are both discoverable and form an adequate basis to calculate damages. *See* NRCP 26(b)(1); NRCP 34; *see also Hetter v. Eighth Judicial Dist. Court*, 110 Nev. 513, 519, 874 P.2d 762, 765 (1994) (noting that there are various circumstances in which tax records may be discoverable). Therefore, we conclude the district court abused its discretion by issuing the preliminary injunction,[1] and we

ORDER the judgment of the district court REVERSED.

_____, J.
Hardesty

_____, J.          _____, J.
Stiglich                                Herndon

---

[1]Because we conclude the district court incorrectly determined that Tryke will suffer irreparable harm and therefore abused its discretion in issuing the preliminary injunction, we need not consider MM Development's remaining arguments.

cc: Chief Judge, Eighth Judicial District Court
Ara H. Shirinian, Settlement Judge
Kemp Jones, LLP
Hone Law
Conant Law Firm
Eighth District Court, Department 24

SUPREME COURT
OF
NEVADA

(O) 1947A