CENTRAL TELEPHONE COMPANY, APPELLANT, v. FIXTURES MANUFACTURING CORPORATION AND SAV ON OFFICE PRODUCTS, RESPONDENTS.

No. 17591

June 25, 1987                                738 P.2d 510

*Fitzgibbons and Associates,* Las Vegas, for Appellant.

*Rawlings, Olson & Cannon* and *Richard E. Desruisseaux; Pearson & Patton,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Central Telephone Company appeals from a summary judgment order dismissing its third party complaint against Fixtures Manufacturing Corporation and Sav On Office Products, Inc.

A Ms. Yasinski was injured when a defective couch "gave way" in the office of Central Telephone Company. Yasinski filed a lawsuit against the Central Telephone Company.

Central Telephone filed a third party complaint for contribution and indemnity against Fixtures which manufactured the couch and Sav On which sold and assembled the couch. The third party complaint alleged "negligence, carelessness, faulty design and faulty manufacture" by Fixtures. The third party complaint alleged negligence by Sav On. Fixtures filed a motion for summary judgment alleging that assumption of risk is a defense as a matter of law and that the claim for indemnity lacked merit. Sav On joined in the motion for summary judgment. The district court granted the motion for summary judgment.

Central Telephone's claims for negligence against Fixtures and Sav On are not barred by assumption of risk. The implied assumption of risk doctrine has been subsumed by our comparative negligence statute. Mizushima v. Sunset Ranch, Inc., 103 Nev. 259, 737 P.2d 1158 (1987).

While assumption of risk is no longer a bar to negligence, it is a defense to strict products liability. Young Machine Co. v. Long, 100 Nev. 692, 692 P.2d 24 (1984); Restatement (Second) of Torts § 402A comment a and n (1965). In the case of strict products liability, the defendant must show (1) that the plaintiff actually knew and appreciated the particular risk or danger created by the defect, (2) that the plaintiff voluntarily encountered the risk while realizing the danger, and (3) that the plaintiff's decision to voluntarily encounter the known risk was unreasonable. Johnson v. Clark Equipment Co., 547 P.2d 132 (Or. 1976).

The deposition testimony indicates that one Central Telephone Company employee actually knew and appreciated the risk created by the broken couch since she removed the loose cushion from the couch and set it aside with the intent that no one would utilize the couch without the cushion in place. Such action reveals that that employee did not voluntarily encounter the risk while realizing the danger because she did not intend or expect anyone to utilize the couch.

Another Central Telephone Company employee did not actually know and appreciate the risk created by the broken couch since she was unaware that the couch was defective. She watched an alleged non-employee replace the cushion on the couch without realizing the danger.

No employee voluntarily encountered the risk while realizing the danger. Consequently, assumption of risk is not a defense to Central Telephone's cause of action based upon a strict products liability theory.

Finally, the district court erred in granting the motion for summary judgment on the ground that there was no legal basis for a claim to indemnity. Indemnity shifts the burden of the entire loss from the defendant tortfeasor to another who should bear it instead. Reid v. Royal Insurance Co., 80 Nev. 137, 390 P.2d 45 (1964) (no claim for indemnity because both contractor and subcontractor were negligent). Indemnity is not available in a case involving joint or concurrent tortfeasors having no legal relation to one another, and each owing a duty of care to the injured party. Id. A trier of fact must decide if Central Telephone is negligent; Central Telephone cannot be a concurrent tortfeasor unless it is found to be negligent. Furthermore, a material factual dispute exists as to whether a special relationship exists.

Accordingly, we reverse the district court's order granting summary judgment.