BLACK & DECKER (U.S.), INC., Appellant, v. ESSEX GROUP, INC., Respondent.

No. 19032

June 22, 1989                    775 P.2d 698

*Hibbs, Roberts, Lemons, Grundy & Eisenberg*, Reno, for Appellant.

*Rawlings, Olson & Cannon*, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

A jury found both appellant Black & Decker (U.S.), Inc. and respondent Essex Group, Inc. liable under a strict products liability theory for personal injuries suffered by Willard Larson when he attempted to plug in an electric drill manufactured by Black & Decker. Essex manufactured and supplied a defective plug which Black & Decker incorporated into the drill during the assembly process. The jury's verdict apportioned seventy-five percent of the fault to Essex and twenty-five percent of the fault to Black & Decker, without specifically addressing a cross-claim for indemnity or contribution filed by Black & Decker against Essex.

Black & Decker argues that indemnity is an "all or nothing" concept, and thus, Essex should completely reimburse it for any losses suffered due to Larson's personal injury action. Therefore, Black & Decker argues that the district court erred by denying it indemnity on its cross-claim. We agree.

When one party is subject to liability, which, as between that party and another, the other should bear, the first party is entitled to full indemnity. Silver v. Telerent Leasing, 105 Nev. 30, 768 P.2d 879, 881 (1989). "The right of indemnity rests upon a difference between the primary [active] and the secondary [passive] liability of two persons, each of whom is made responsible by the law to an injured party." Tromza v. Tecumseh Products Company, 378 F.2d 601, 605 (3rd Cir. 1967) (citation omitted). The difference between primary and secondary liability depends on a difference in the character or kind of wrongs that cause the injury and in the nature of the legal obligation owed by each of the wrongdoers to the injured person. *Id.*

Evidence of only "passive negligence" or strict liability is insufficient to establish "active wrongdoing" by a party seeking indemnity. Piedmont Equip. Co. v. Eberhard Mfg., 99 Nev. 523, 527, 665 P.2d 256, 259 (1983). Thus, the fact that the jury found Black & Decker strictly liable for a portion of Larson's injuries should not serve as a bar to appellant's claim for indemnity against Essex. *Id.* Moreover, Black & Decker's failure to spot the plug's latent defect during its assembly process was at worst "passive negligence."

Although indemnity is not usually available between joint tortfeasors, an exception arises when a legal relationship or duty supports the claim of indemnity. Ringsby Truck Lines, Inc. v. Bradfield, 563 P.2d 939, 943 (Colo. 1977). In order for one tortfeasor to be in a position of secondary responsibility vis-a-vis another tortfeasor, and thus be entitled to indemnification, there must be a preexisting legal relation between them, or some duty on the part of the primary tortfeasor to protect the secondary tortfeasor. Id. at 942. In this case, the implied warranty of merchantability owed by Essex to Black & Decker created a duty which establishes Essex as the primary tortfeasor, and supports appellant's claim for indemnity.[1]

The weight of authority supports Black & Decker's claim for indemnification. Silver v. Telerent Leasing, 105 Nev. 30, 768 P.2d 879 (1989); Piedmont Equip. Co. v. Eberhard Mfg., 99 Nev. 523, 665 P.2d 256 (1983). Therefore, the district court erred by denying Black & Decker's claim for indemnity. Accordingly, we remand the case to the district court for proceedings consistent with this opinion.

---

[1]In Central Telephone Co. v. Fixtures Mfg., 103 Nev. 298, 300, 738 P.2d 510, 512 (1987), this court held that indemnity is not available in a case involving joint tortfeasors having no legal relation to one another, and each owing a duty of care to a third party. However, in the case at hand, although the jury found Black & Decker and Essex to be joint tortfeasors, as buyer and seller, the two defendants had a legal relation to one another. Therefore, our decision in Central Telephone will not bar Black & Decker's claim for indemnity.