# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| KB HOME NEVADA INC., A NEVADA CORPORATION,<br>Appellant,<br>vs.<br>DUNRITE CONSTRUCTION, INC., A NEVADA CORPORATION; AND RIVER MOUNTAIN DRYWALL, INC., A NEVADA CORPORATION,<br>Respondents. | No. 68343<br><br>**FILED**<br><br>SEP 29 2017<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |
| KB HOME NEVADA INC.,<br>Appellant,<br>vs.<br>DUNRITE CONSTRUCTION, INC.,<br>Respondent. | No. 68449 |

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

These are consolidated appeals from district court orders, certified as final under NRCP 54(b), granting summary judgment and awarding attorney fees and costs in an NRS Chapter 40 construction defect action. Eighth Judicial District Court, Clark County; Allan R. Earl and Elizabeth Goff Gonzalez, Judges. We affirm in part, reverse in part, and remand.

A district court's grant of summary judgment is reviewed de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate if the pleadings and other evidence on file, viewed in the light most favorable to the nonmoving party, demonstrate that no genuine issue of material fact remains in dispute. *Id.* "A genuine

issue of material fact exists if, based on the evidence presented, a reasonable jury could return a verdict for the nonmoving party." *Butler ex rel. Biller v. Bayer*, 123 Nev. 450, 457–58, 168 P.3d 1055, 1061 (2007). Awards of attorney fees and costs are reviewed for an abuse of discretion. *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 80, 319 P.3d 606, 615 (2014).

*Dunrite's Motion for Summary Judgment*

*Application of NRS Chapter 40*

To sustain a construction defect claim under NRS Chapter 40 there must be "a defect in . . . a new residence or of an appurtenance," NRS 40.615. An appurtenance is "a structure, installation or other improvement that is appurtenant to or benefits one or more residences." NRS 40.605. NRS Chapter 40 defines a residence as "any dwelling in which title to the individual units is transferred to the owners." NRS 40.630. While NRS Chapter 40 does not define dwelling, other sections of the NRS and Black's Law Dictionary suggest that the word connotes a structure for habitation. *See* NRS 118A.080; *Dwelling-House, Black's Law Dictionary* (10th ed. 2014).

NRS Chapter 40 does not apply to the underlying action because when Dunrite constructed the common areas, or appurtenances, at issue, Paradise Coach Resorts sold RV lots, not residences. The RV lots were not dwellings because they were not structures for habitation—they were merely concrete slabs. While title did pass from Paradise Coach Resorts to the lots' buyers, the slabs were not designed for occupation absent their incorporation into a separate habitable structure. The RV lots thus are not dwellings and, so, not residences for purposes of NRS Chapter 40.[1]

---

[1]KB Home claims that a genuine issue of material fact exists as to the characterization of the RV lots. We disagree for two reasons. First, Dunrite objected to almost all of the evidence that KB Home relies on for this

 

*Equitable indemnity*

Applying equitable indemnity to joint tortfeasors requires a preexisting legal relationship. *Black & Decker (U.S.), Inc. v. Essex Grp., Inc.,* 105 Nev. 344, 346, 775 P.2d 698, 699-700 (1989). KB Home asserts that Dunrite's implied warranty of good workmanship creates such a relationship. The implied warranty of good workmanship is contractual and only exists between two parties in privity. *See Soltani v. GP Indus.,* Docket No. 56114, at 2 (Order Affirming in Part and Vacating and Remanding in Part, Dec. 27, 2011); 18 Samuel Williston & Richard A. Lord, *A Treatise on the Law of Contracts* § 52:38 (4th ed. 2015).

KB Home does not have the requisite legal relationship with Dunrite for an equitable indemnity claim because the two were not in privity of contract; KB Home merely purchased the property from a prior owner, not from Dunrite itself. Thus, KB Home's equitable indemnity claim fails.

*Breach of implied warranty*

Like the equitable indemnity analysis above, a claim for breach of the implied warranty of workmanship requires privity of contract. *See Soltani,* Docket No. 56114, at 2 (citing *Long v. Flanigan Warehouse Co.,* 79 Nev. 241, 247, 382 P.2d 399, 402-03 (1963)). Accordingly, because KB Home does not have privity with Dunrite, its breach of implied warranty claim also fails.

---

argument, and the district court did not rule on those objections. Dunrite renewed those objections on appeal. Evidence properly objected to in district court proceedings cannot be considered either by the district court judge in granting summary judgment or in reviewing that decision on appeal. *See* NRCP 56(e). Second, no genuine issue of material fact appears as to whether the RV pads were residences, as discussed in the text.

SUPREME COURT
OF
NEVADA

(O) 1947A

*Award of attorney fees and costs*

*Attorney fees*

The "district court must consider and weigh" the *Beattie* factors in awarding attorney fees. *Gunderson*, 130 Nev. at 81, 319 P.3d at 615 (citing *Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983)). Explicit findings for all factors are not required if support for one or more factors is clear from the record. *Schwartz v. Estate of Greenspun*, 110 Nev. 1042, 1049, 881 P.2d 638, 642 (1994).

The district court did not abuse its discretion because it articulated sufficient consideration of the *Beattie* factors. The district court made explicit findings for the second factor, and the remaining have implicit support in the record. Thus, the district court provided sufficient justification for the award and we affirm.

*Expert witness fees*

"[A]ny award of expert witness fees in excess of $1,500 per expert under NRS 18.005(5) must be supported by an express, careful, and preferably written explanation of the court's analysis of factors pertinent to determining the reasonableness of the requested fees and whether 'the circumstances surrounding the expert's testimony were of such necessity as to require the larger fee.'" *Frazier v. Drake*, 131 Nev., Adv. Op. 64, 357 P.3d 365, 377-78 (Ct. App. 2015) (quoting NRS 18.005(5)). The district court awarded Dunrite fees that exceed the default statutory limit but did not explain its reasons for doing so. The court needed to explain how the expert's role in Dunrite's litigation necessitated a larger fee. Thus, we reverse and remand to the district court for application of the *Fraizer* factors consistent with this order.

 

Accordingly, we ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Pickering

_____, J.
Stiglich

cc:   Hon. Allan R. Earl, District Judge
      Hon. Elizabeth Goff Gonzalez, District Judge
      Wood, Smith, Henning & Berman, LLP/Las Vegas
      Pisanelli Bice, PLLC
      Lincoln, Gustafson & Cercos
      Springel & Fink
      Samuel G. Broyles
      Eighth District Court Clerk