ROSE LA POTIN, APPELLANT, v. NATHAN W. LA POTIN, RESPONDENT.

No. 3978

May 15, 1959                                    339 P.2d 123

Zenoff & Magleby, of Las Vegas, for Appellant.

Jones, Wiener & Jones, of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This action was brought by the wife on June 27, 1955 to set aside a divorce decree theretofore on July 21, 1949 granted to the husband by the district court of Clark County.

The wife contends that the divorce decree was void for the reason that the court granting the decree was without jurisdiction. That court had proceeded to exercise jurisdiction upon the basis of an affidavit showing the wife to have been personally served with process in New York. The present action is founded upon the proposition that the affidavit of service was false and that the wife had never been served with process.

The court below granted judgment to the husband, the defendant in the present action and plaintiff in the earlier action for divorce. The wife appeals from that judgment. The sole issue upon appeal is whether the record establishes beyond question that the divorce court was without jurisdiction through failure of service of process. If so, judgment for the husband in the present action was without support and judgment must be entered for the wife.

The husband has filed no answering brief upon this appeal. The matter stands submitted upon the opening brief of the wife.

The husband was represented by counsel in the court below and entered his appearance through the filing of an answer to the complaint. By that answer, through

lack of knowledge or information, the husband placed in issue the lack of personal service of process upon the wife in the prior action.

The evidence upon this issue is limited to two depositions: those of the wife and of the process server. The depositions were taken upon the written interrogatories proposed by the wife. There were no cross-interrogatories.

These depositions positively assert that the process server, through misinformation, mistakenly served the wrong person, and that the wife never was served with process. Nothing appears to have been offered by the husband which would serve to impeach the testimony thus presented. It stands uncontradicted and unimpeached. Upon this state of the record we must accept these facts as established.

It follows from well established principles of law that the divorce court was without jurisdiction, and that the divorce decree was void. Perry v. Seventh Judicial District Court, 42 Nev. 284, 174 P. 1058. The invalidity of the divorce decree in such a case is the proper subject of an independent action to set it aside. NRCP 60(b). See Moore v. Moore, 75 Nev. 189, 336 P.2d 1073; Lauer v. Eighth Judicial District Court, 62 Nev. 78, 140 P.2d 953.

Reversed and remanded with instructions that judgment for the defendant below be set aside and that judgment be entered for the plaintiff vacating and setting aside the divorce decree of July 21, 1949.