BARBARA B. BARNATO, PETITIONER, v. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, AND HONORABLE CLEL GEORGETTA, JUDGE THEREOF, RESPONDENTS.

No. 4313

July 7, 1960                           353 P.2d 1103

336

(Petition for rehearing denied September 7, 1960.)

*Adams, Reed and Bowen,* of Reno, for Petitioner.

*Springmeyer, Thompson and Dixon,* of Reno, for Respondents.

## OPINION

By the Court, McNamee, C. J.:

Petitioner seeks a writ of prohibition to prevent respondent court from proceeding in a divorce action on the ground that it has no jurisdiction over petitioner.

Michael J. Barnato commenced an action for divorce against petitioner in the respondent court. Petitioner, the defendant in the action, made the following motions in said court:

1.  To dismiss the action because of lack of jurisdiction over the person of defendant.

2.  To dismiss the action because of lack of sufficiency of process.

3.  To dismiss the action because of insufficiency of service of process.

4.  To quash the service made on her at Las Vegas, Nevada.

Respondent court granted the motion to quash on the ground that plaintiff Barnato had fraudulently enticed defendant into the State of Nevada. At the same time it denied the motions to dismiss the action, and held that the defendant by moving to dismiss the entire action had made a general appearance and had placed herself within the general jurisdiction of the court for further proceedings.

The sole question to decide is whether the motions to dismiss the action constituted a general appearance and had the effect of bringing defendant within the jurisdiction of the court.

Prior to the adoption of the Federal Rules of Civil Procedure in this state, a motion to quash service of summons was the proper method of attacking an improper service and did not constitute a general appearance. Brockbank v. Second Judicial District Court, 65 Nev. 781, 201 P.2d 299. However the rule in most jurisdictions has been that a motion to dismiss an action even when based on a ground which would warrant the granting of a motion to quash service of summons constituted a general appearance regardless of the fact that it was designated a special appearance. Clawson v. Boston Acme Mines Development Co., 72 Utah 137, 269 Pac. 147, 59 A.L.R. 1318; Ricks v. Wade, 97 Utah 402, 93 P.2d 479; Application of Goodrich, 51 Wyo. 463, 68 P.2d 597; Dallas v. Luster, 27 N.D. 450, 147 N.W. 95. Petitioner claims that Rule 12(b) NRCP has changed the law in this respect and that now the objection to an improper service of summons may be made by a motion to dismiss the action or by a motion to quash the service. This rule reads in part as follows:

"(b) *How Presented.* Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, crossclaim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter appearing on the face of the pleading, (2) lack of jurisdiction over the person, (3) insufficiency of process, (4) insufficiency of service of process, (5) failure to state a claim upon which relief can be granted, (6) failure to join an indispensable party. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion, except defenses numbered (2)–(4) are waived if joined with one or more defenses other than defenses (2)–(4), or by further pleading after denial of such defenses. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief."

In the federal courts a motion to dismiss the action under Rule 12(b) based on improper service of process does not constitute a general appearance. In fact Form 19, Federal Rules of Civil Procedure, 28 U.S.C.A., expressly prescribes this method of procedure in case of defective service of process.[1]

Arizona is in accord with the federal decisions in this respect. In Onan v. Superior Court, 65 Ariz. 255, 179 P.2d 243, the Arizona Supreme Court held that Rule 12(b) constituted a departure from the practice in effect in Arizona prior to its adoption of the federal rules. It is to be noted, however, that Rule 84 of the Federal Rules of Civil Procedure was omitted from the Arizona Rules of Civil Procedure. The reviser's note with respect

---

[1] Rule 84 F.R.C.P., 28 U.S.C.A., provides as follows: "The forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."

thereto states that Rule 84 is omitted because federal forms of pleading are available to lawyers who desire to follow them. This in effect is an implied approval of the federal forms.

The Nevada Rules of Civil Procedure contain Rule 84 but some of the forms contained in its Appendix of Forms differ materially from those in the federal Appendix of Forms. In particular, Form 19 of the Nevada Appendix of Forms deletes entirely the form for a motion to dismiss an action for improper service of process. In this connection the Advisory Committee Notes relating to Rule 12(b) which follow the Rules and Forms, state: "The federal rule is further revised to provide that the defenses of lack of jurisdiction over the person, of insufficiency of process, and of insufficiency of service of process, are waived if joined with one or more defenses other than those defenses, or by further pleading after denial of such defenses. This, in substance, is intended to retain existing practice on motions to quash * * *. Cf. Sec. 8573, N.C.L. 1929."[2]

It appears to us that the Advisory Committee intended to retain the practice of employing motions to quash service of process and not to adopt the federal rule permitting motions to dismiss in cases of defective service. While we are not bound by the Committee's intentions, we do feel that the situation existing in this state requires an interpretation of Rule 12(b) consistent with the Advisory Committee's intentions.

The district courts of this state frequently exercise jurisdiction over cases in rem and quasi in rem as differentiated from the common practice of the federal courts. In such cases to permit a defendant to invoke the power

---

[2] NCL 8573 provides "that after the filing of the complaint a defendant in the action may appear by answer, demurrer, or notice of motion filed in the cause, excepting motions to quash service, or denying the sufficiency of process or the jurisdiction of the court over the subject-matter or the person, whether the summons has been issued or not, and such appearance shall be deemed a waiver of summons."

of the court to dismiss the entire action on account of a defect in the process or the service thereof would produce harsh and undesirable results such as liability on attachment and garnishment undertakings, complications in lien foreclosure cases, and would cause unnecessary refiling of complaints requiring payment of additional fees or preclude refilings where the statute of limitations could be invoked.

We therefore conclude that Rule 12(b) as adopted in this state has not changed the general rule in existence at the time of its adoption which is to the effect that a defendant who requests relief additional to that necessary to protect him from defective service of process renders his appearance general.

It is apparent not only from the wording of her motions in the divorce action but also from the grounds upon which they were based that petitioner was seeking relief other than the quashing of the service of the summons, to wit, dismissal of the action. Her affidavit attached to her written motion and made a part thereof challenged the jurisdiction of the court over the subject matter of the action by stating that plaintiff's Nevada residence, upon which jurisdiction for the divorce action was based, was simulated, and that for approximately twenty years "plaintiff has been and now is" a resident of California; that he has substantial assets in California and none in Nevada; and that an action for divorce is pending between the parties in California.

In our opinion petitioner invoked the general jurisdiction of the court in the divorce action and therefore the present proceedings in prohibition must be dismissed.

The alternative writ of prohibition is vacated and the proceedings dismissed.

BADT and PIKE, JJ., concur.