ALAN THEODORE SELZNICK AND GENEVIEVE SELZNICK, PETITIONERS, v. EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA IN AND FOR THE COUNTY OF CLARK AND HONORABLE A. S. HENDERSON, DISTRICT JUDGE, RESPONDENTS.

No. 4333

September 29, 1960                    355 P.2d 854

*Clarence Sundean*, of Las Vegas, for Petitioners.

*Foley Brothers*, of Las Vegas, for Respondents.

## OPINION

By the Court, McNamee, C. J.:

This is an original proceeding wherein petitioners seek a writ of prohibition to prevent respondent court from continuing with a tort action against them on the ground that it has no jurisdiction over petitioners.

Petitioners are husband and wife. Their automobile was involved in an accident on the premises of the Sahara Hotel in Clark County, Nevada, which resulted in personal injuries to one of the plaintiffs in said tort action. Service of summons was made on each of the petitioners pursuant to NRS 14.070 which permits constructive service of summons in any action or proceeding growing out of the operation of a motor vehicle over the public roads, streets, or highways in the State of Nevada.

Petitioners contend that the said statute has no application to automobile accidents occurring on private property such as the Sahara Hotel premises.

Each petitioner filed two motions in the respondent court. One, a motion to dismiss the action on the ground

that movant is a resident of the State of California, that the accident did not occur on a public road in the State of Nevada, and that movant is not subject to service of process under the provisions of NRS 14.070; and, two, to dismiss the action or in lieu thereof to quash the return of service of summons on the ground that movant has not been properly served with process in the action.

It is unnecessary to consider the validity of the constructive service of summons on either petitioner or the applicability of NRS 14.070 to the particular situation here involved, for the reason that we have concluded that both petitioners have entered a general appearance in the action thereby giving the respondent court personal jurisdiction over them.

In the case of Barnato v. Second Judicial District Court, 76 Nev. 335, 353 P.2d 1103, this court held that a defendant who requests relief additional to that necessary to protect him from defective service of process renders his appearance general. In that case, although petitioner claimed his motion to dismiss was solely in furtherance of his motion to quash service of summons, and that quashing service of summons was the only relief desired, we concluded that petitioner was seeking relief other than the quashing of the service of the summons, to wit, dismissal of the action. In the present case, counsel for petitioners frankly admits that he is seeking more relief than the mere quashing of service of summons (or quashing the return of service of summons). He strongly urges that petitioners are entitled to the additional relief of having the entire action dismissed as to each of them. This case therefore falls squarely within the rule of the Barnato case.

This court is precluded from issuing a writ of prohibition, petition for which was based upon the ground that the respondent court has no jurisdiction over the petitioners, because the respondent court, for the reasons hereinabove given, acquired personal jurisdiction over the petitioners through their motions to dismiss.

The alternate writ of prohibition is vacated and the proceedings dismissed.

BADT AND PIKE, JJ., concur.