CONSOLIDATED CASINOS CORP., a Nevada Corporation, Appellant, *v.* L. A. CAUNTER & CO., an Ohio Corporation; E. LUCILLE CAUNTER; CAROL BEDY; and LEE CAUNTER, Respondents.

No. 6812

November 9, 1973                    515 P.2d 1025

[Rehearing denied December 10, 1973]

*Lionel Sawyer Collins & Wartman,* of Las Vegas, for Appellant.

*Dickerson, Miles & Pico,* of Las Vegas, for Respondents.

## OPINION

By the Court, GUNDERSON, J.:

Although the parties have argued other, more intricate issues, we believe the central question on appeal, i.e. whether Nevada courts have jurisdiction over respondents' persons, may be simply resolved because respondents have themselves invoked our courts' general jurisdiction. On that ground, we reverse, and remand this cause for further proceedings.

Appellant Consolidated Casinos Corp. commenced this action in our Eighth Judicial District Court, as the holder of two $60,000 checks that an Ohio corporation, respondent L. A. Caunter & Co., issued in Cleveland, Ohio, on or about May 27, 1969, payable to California residents, Al Berson and Tony White. Each check was drawn on the Ohio corporation's Ohio bank account; each was signed on its behalf by Ohio residents, respondents Carol Bedy and E. Lucille Caunter. As defendants, appellant named the aforementioned respondents, as well as respondent Lee Caunter (the corporation's president), one Jim Bishop (an employee of the corporation), and Berson and White.

Appellant endeavored to serve process pursuant to NRS 14.065(2)(a), effective July 1, 1969, which authorizes service outside this state on causes of action arising from "[t]ransacting any business or negotiating any commercial paper within this state." Respondents moved to quash service of process, contending (1) that NRS 14.065(2)(a) does not apply retrospectively, and (2) that in any event they were nonresidents, whose contacts with Nevada were not sufficient to support service elsewhere, and therefore our courts lacked jurisdiction of their persons. Cf. McGee v. International Life Ins. Co., 355 U.S. 220 (1957). After an evidentiary hearing, the district court ruled in respondents' favor; whereupon, their counsel prepared, submitted and caused the court to execute a "Judgment and Order Sustaining Motion to Quash Return of Summons and Dismissing Action for Lack of Jurisdiction." Conforming to its title, the judgment's text recited that a dismissal was part of the relief respondents' motion sought, that the motion was sustained, and that appellant's action was "dismissed for lack of jurisdiction of the person of said Defendants, L. A. CAUNTER & CO., an Ohio corporation, E. LUCILLE CAUNTER, CAROL BEDY and LEE CAUNTER."[1]

On appeal, the parties directed their briefs to the issues

---

[1]The operative portion of the judgment recited:

"ORDERED, ADJUDGED AND DECREED that the said motion be and is hereby in all respects sustained.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the return of service of summons upon the Defendant, L. A. CAUNTER & CO., an Ohio corporation, and upon E. LUCILLE CAUNTER, CAROL BEDY and LEE CAUNTER, on the 20th day of February, 1970, in the State of Ohio, be and the same is hereby quashed and that this action be and the same is hereby dismissed for lack of jurisdiction of the person of said Defendants, L. A. CAUNTER & CO., an Ohio corporation, E. LUCILLE CAUNTER, CAROL BEDY and LEE CAUNTER."

mentioned earlier, but this court was concerned with two unargued questions. These were, as we stated in our order for supplemental briefs:

"(1) Whether respondents L. A. CAUNTER & CO., E. LUCILLE CAUNTER, CAROL BEDY and LEE CAUNTER invoked the general jurisdiction of the Nevada courts, when they prepared and submitted to the district court, and caused said district court to enter, an order and judgment granting 'relief additional to that necessary to protect [respondents] from [assertedly] defective service of process.' Cf. Barnato v. Dist. Court, 76 Nev. 335, 340, 353 P.2d 1103, 1105 (1960); Selznick v. District Court, 76 Nev. 386, 355 P.2d 854 (1960).

"(2) Whether this court lacks jurisdiction of the instant appeal, because the district court's Judgment and Order Sustaining Motion to Quash Return of Summons and Dismissing Action for Lack of Jurisdiction related to 'fewer than all of the claims or parties,' and contained neither 'an express determination that there [was] no just reason for delay' nor 'an express direction for the entry of judgment.' NRCP 54(b); cf. Van Dyk v. Earl, 87 Nev. 541, 490 P.2d 1057 (1971); Monsour v. Haddad, 87 Nev. 448, 488 P.2d 916 (1971); Donoghue v. Rosepiler, 83 Nev. 251, 427 P.2d 956 (1967); Wilmurth v. State, 79 Nev. 490, 387 P.2d 251 (1963)."

We felt we could not consider affirming the judgment without taking notice of its form; for then, on the face of the record, appellant's action would stand dismissed, totally or partially. Nor could we properly ignore the second issue; for we feel constrained to notice jurisdictional problems on our own volition.

1. In the *Barnato* and *Selznick* cases, mentioned in our order, we held that a defendant submits to our Nevada courts' general jurisdiction if he not only moves to quash assertedly defective process, but requests relief beyond that necessary to protect him from it, e.g. dismissal of the plaintiff's action.[2] Clearly, that result must obtain, whether counsel initially tenders an overly broad written motion, or whether, after the court has ruled on a properly limited motion, counsel then

---

[2]In the federal courts a motion to dismiss the action under Rule 12(b), based on improper service of process, seems not to constitute a general appearance. In fact Form 19, Federal Rules of Civil Procedure, 28 U.S.C.A., expressly approves this method of procedure. Notwithstanding this, in the *Barnato* case, we concluded that Rule 12(b) as

expands his request silently by tendering an overly broad order for the court's signature. The latter practice, indeed, offends more procedural rules than the former, while pursuing the identical end.

Respondents' counsel says he made a "clerical mistake" when preparing the judgment, which he "probably" patterned on a federal form, and he urges us to "correct" the judgment to conform to his motion. This course seems unavailable.

The title and text of the judgment, which presumably respondents' counsel dictated and thereafter read before affixing his signature and submitting it to the court, clearly contemplates either total or partial dismissal of appellant's action. If counsel relied on federal practice, his "mistake" in preparing the judgment seems identical in character to that of counsel in the *Barnato* case, who also apparently relied on federal practice when he prepared his motion. Of course, counsel in each case believed or hoped his procedures would constitute only a special appearance; however, equally in each, counsel prepared court documents seeking relief only available on general appearance.

Practicality as well as precedent dictates that we decline to consider counsel's thoughts while preparing such documents. Respondents' counsel is a highly respected practitioner; however, whatever procedure we adopt for him, we must apply to all. Hence, were we to relieve respondents of their general appearance, then hereafter we would have to relieve any defendant in like circumstances, if his attorney characterized an application for dismissal as a "clerical mistake."

2. Although our order for supplemental briefs afforded respondents the opportunity to argue that the judgment applied

---

adopted in this state did not alter our prior practice, which was contrary to the federal rule but in accord with the general rule recognized in other state courts. Shortly thereafter, in the *Selznick* case, we noted:

"In the case of Barnato v. Second Judicial District Court, 76 Nev. 335, 353 P.2d 1103, this court held that a defendant who requests relief additional to that necessary to protect him from defective service of process renders his appearance general. In that case, although petitioner claimed his motion to dismiss was solely in furtherance of his motion to quash service of summons, and that quashing service of summons was the only relief desired, we concluded that petitioner was seeking relief other than the quashing of the service of the summons, to wit, dismissal of the action. . . ." 76 Nev. at 388, 355 P.2d at 855.

only to them, and was hence unappealable, their counsel tendered no such argument.[3] Construed literally, that judgment dismissed appellant's action as to all defendants, not merely as to respondents, and hence was final and appealable although not certified for review pursuant to NRCP 54(b). We adopt that literal construction, no other having been proffered.

The judgment is reversed; the cause is remanded for further proceedings on the merits of appellant's complaint.

THOMPSON, C. J., and MOWBRAY, BATJER, and ZENOFF, JJ., concur.

---

[3]See: Van Dyk v. Earl, Monsour v. Haddad, Donoghue v. Rosepiler, and Wilmurth v. State, cited in our order for supplemental briefs, quoted above.