ALITALIA–LINEE AEREE ITALIANE–S.P.A., an Italian Corporation, Petitioner, *v.* THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, In and For the County of Washoe, JOHN E. GABRIELLI, Judge, Respondent.

No. 8955

November 22, 1976                    556 P.2d 544

*Herzfeld & Rubin, P.C.,* and *Alan A. D'Ambrosio,* New York; *McDonald, Carano, Wilson, Bergin & Bible* and *John Frankovich,* Reno, for Petitioner.

*Roger A. Bergmann* and *Stephen C. Mollath,* Reno, for Respondent and for Real Party in Interest Steve McKinney.

## OPINION

*Per Curiam:*

Alitalia-Linee Aeree Italiane-S.p.A., an Italian corporation, seeks in this original proceeding a writ of prohibition barring the respondent district court from entertaining jurisdiction in a suit filed against Alitalia by Steve McKinney, plaintiff in the respondent court below, for unlawful invasion of McKinney's privacy.

On July 16, 1974, McKinney won the Kilometro Lanciato, a ski race in Cervenia, Italy. Alitalia obtained pictures of McKinney and later used the pictures at ski shows in Boston, Chicago, and New York to promote travel to Italy. McKinney claims that as a result of this publicity he lost his amateur status.

Initially, McKinney filed action in the United States District Court for the District of Nevada. Alitalia moved to quash the return and service of summons, which the United States District Court granted on May 23, 1975.[1]

Almost 6 months later, McKinney filed the instant action in the state district court. Again Alitalia moved to quash the return of service and summons. Alitalia also filed a petition for removal of the case to the United States District Court.[2] The state court denied the motion to quash and assumed jurisdiction. Hence this petition for prohibition.

Alitalia predicates its petition primarily on the principle that the prior ruling of the federal court that Alitalia was not subject to service of process in Nevada is *res judicata* in the instant case. We agree.

The doctrine of *res judicata* proscribes the hearing of an issue determined by a court of competent jurisdiction in a previous proceeding between the same parties in the same cause of action. Markoff v. New York Life Ins. Co., 92 Nev. 268, 549 P.2d 330 (1976); Lucas v. Page, 91 Nev. 493, 538 P.2d 165 (1975). This doctrine applies to questions of jurisdiction with the same force as to other legal issues. Baldwin v. Iowa State Travelingmen's Ass'n, 283 U.S. 522 (1931); Webster v. Steinberg, 84 Nev. 426, 442 P.2d 894 (1968).

---

[1]Federal Judge Thompson ruled in part in his written decision:

"Plaintiff [McKinney] argues that Alitalia's solicitation of business by maintaining telephone listings in Nevada and by advertising in a nationally distributed magazine is sufficient to satisfy N.R.S. § 14.065(2)(a). Mere solicitation of business in Nevada—either by Alitalia or by Dazey Travel Service, an independent Nevada agent—is insufficient to subject Alitalia to personal jurisdiction. Section 14.065(2) clearly states that the particular cause of action must have arisen from doing business in Nevada to subject a foreign corporation to personal jurisdiction. See, also, *Process Church of Final Judgment* v. *Sanders,* 338 F.Supp. 1396, 1398 (N.D. Ill. 1972). Plaintiff has not shown any connection between Alitalia's use of the photographs and films of plaintiff and Alitalia's transaction of business within the State of Nevada. If Alitalia did invade plaintiff's privacy, the invasion occurred from the transaction of business in Boston, Massachusetts[,] or Cervenia, Italy, not in Nevada."

[2]The case was subsequently remanded to state court on grounds not here pertinent.

On May 23, 1975, the United States District Court for the District of Nevada ruled that Alitalia's contacts with Nevada were insufficient to subject it to personal jurisdiction in Nevada. The court granted a motion to quash. In federal practice, such an order is treated as equivalent to one granting a motion to dismiss for lack of personal jurisdiction and is immediately appealable, provided its result is to dispose of the entire action, as in the instant case. Orient Mid-East Lines, Inc. v. Albert E. Bowen, Inc., 297 F.Supp. 1149 (D.N.Y. 1969); Beury v. Beury, 222 F.2d 464 (4th Cir. 1955). McKinney chose not to appeal Federal Judge Thompson's determination and may not now challenge it in a collateral proceeding.

McKinney also contends that Alitalia appeared generally in the instant case when Alitalia filed its petition for removal to the federal court. This contention is meritless. The authorities relied on establish only that a party appears generally when he seeks additional relief, such as a motion to dismiss, from the state court. Selznick v. District Court, 76 Nev. 386, 355 P.2d 854 (1960); Barnato v. District Court, 76 Nev. 335, 353 P.2d 1103 (1960). A petition for removal to a federal court is the assertion of a federal right and may not be held to affect the petitioner's posture in the state court.

We therefore order that the petition be granted and that the writ issue.