RICHARD EDWIN MILTON, Appellant, *v.* JUDITH LEE GESLER, fka JUDITH LEE MILTON, Respondent.

No. 21430

October 24, 1991 819 P.2d 245

*Bell, Davidson & Jones* and *Stephen Compan* and *Mark A. Cope,* Las Vegas, for Appellant.

*Marshal S. Willick,* for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from the denial of a motion to set aside judgment. The issue involved is whether a Nevada district court ever obtained personal jurisdiction over the appellant, Richard Milton. Richard Milton and respondent, Judith Gesler, were divorced in California. The California judgment requires Mr. Milton to pay Ms. Gesler child support and spousal support. In addition, the judgment requires Mr. Milton to give Ms. Gesler twenty-five and one-half percent of his United States Air Force pension payments.

According to Ms. Gesler, Mr. Milton refused to pay any of the amounts ordered by the California court. Ms. Gesler was able to get military pension payments directly from the Air Force, however. In an attempt to stop these payments, Mr. Milton, while a Florida resident, filed a complaint in Florida. He was represented by Robert Palmer, a Florida attorney, and had Ms. Gesler, a Nevada resident, served with the complaint.

Ms. Gesler's attorney discussed the Florida complaint with Mr. Palmer. According to Ms. Gesler, Mr. Palmer agreed to suspend all Florida proceedings and also agreed to accept service of a Nevada motion to reduce arrearages to judgment on behalf of Mr. Milton. Ms. Gesler then filed a request for domestication of the California judgment with the Nevada district court. After the registration of the California judgment was final, she filed a motion to reduce arrearages to judgment and procured a judgment awarding her $40,228.18 from Mr. Milton for child support and spousal support arrearages and for pension payments, attorney's fees, and interest.[1]

The district court judgment allows the arrearages to be obtained from Mr. Milton's military pension and is based on a domestic referee's recommendation. The referee found that the district court had personal jurisdiction over Mr. Milton, even though Mr. Milton was a Florida resident at the time, because Mr. Palmer had ostensibly agreed that the case should proceed in Nevada.

---

[1]Ms. Gesler also was awarded $800.00 in attorney's fees for bringing the motion to reduce arrearages to judgment.

Subsequently, Mr. Milton filed a motion to set aside judgment as void pursuant to NRCP 60(b)(3). The district court apparently considered this motion a "general appearance" on which personal jurisdiction could be based. The district court then denied Mr. Milton's motion to set aside judgment.

On appeal, Mr. Milton contends that the district court did not obtain personal jurisdiction over him.[2] First, he argues that any discussions that took place between counsel did not create personal jurisdiction. We agree. The issue in this case is whether Mr. Milton made an "appearance" through Mr. Palmer; even if Mr. Milton did participate in negotiations through Mr. Palmer, he did not automatically make an appearance. In fact, neither Mr. Palmer nor Mr. Milton ever physically appeared in Nevada.

An appearance, for personal jurisdiction purposes, requires more than attorney negotiations. Nevada recognizes both general and special appearances. A general appearance is entered when a person (or the person's attorney) comes into court as party to a suit and submits to the jurisdiction of the court. A special appearance is entered when a person comes into court to test the court's jurisdiction or the sufficiency of service.[3] Although Mr. Palmer may have negotiated extensively with Ms. Gesler's attorney, neither Mr. Palmer nor Mr. Milton made a general or special appearance before the court during the negotiations or at the hearing before the domestic referee.[4] Therefore, we conclude that the domestic referee was without jurisdiction to hear the case, and the district court was without jurisdiction to enter a judgment adopting the referee's recommendations.

---

[2]As a preliminary matter, Ms. Gesler contends that the order denying Mr. Milton's motion to set aside judgment is not an appealable order under NRAP 3A(b). According to NRAP 3A(b), appeal may be taken from any special order entered after final judgment; in fact, the only time an appeal cannot be taken from a special order is if a motion under NRCP 60(b)(1) (setting aside a default judgment) has been granted. Orders entered pursuant to NRCP 60(b)(3) are special orders and therefore appealable.

[3]Black's law dictionary defines a general appearance as a "simple and unqualified . . . submission to the jurisdiction of the court" and defines a special appearance as an appearance "for the purpose of testing the sufficiency of service or the jurisdiction of the court." Black's Law Dictionary 89 (5th ed. 1979).

[4]Ms. Gesler contends that presentation or submission to the court is not necessary to meet the requirements of an appearance and that attorney negotiations may constitute an appearance. In support of this contention, she cites three cases: (1) Gazin v. Hoy, 102 Nev. 621, 730 P.2d 436 (1986); (2) Franklin v. Bartsas Realty, Inc., 95 Nev. 559, 598 P.2d 1147 (1979); and (3) Christy v. Carlisle, 94 Nev. 651, 584 P.2d 687 (1978).

Her reliance on these cases, however, is misplaced. All of these cases

Second, Mr. Milton argues that his motion to set aside judgment was not a general appearance and did not establish personal jurisdiction. We agree with Mr. Milton on this point as well. Mr. Milton brought his motion under NRCP 60(b)(3) to vacate the district court judgment as void for lack of personal jurisdiction.[5] He did not seek any other relief. Mr. Milton's motion did not constitute a general appearance; instead, his motion constituted a special appearance to challenge the district court's jurisdiction to enter a judgment against him.

The relevant case law is consistent with our position that a motion to set aside judgment brought under NRCP 60(b)(3) constitutes a special appearance and does not confer personal jurisdiction on the court. We have stated that Rule 60(b)(3) "is normally invoked . . . in a case where the court entering the challenged judgment . . . did not have jurisdiction over the parties." Misty Management v. District Court, 83 Nev. 180, 182, 426 P.2d 728, 729 (1967) (citing LaPotin v. LaPotin, 75 Nev. 264, 339 P.2d 123 (1959); Foster v. Lewis, 78 Nev. 330, 372 P.2d 679 (1962)). In *LaPotin,* an action was brought under NRCP 60(b) to set aside a divorce decree that was void for lack of jurisdiction. We found that "[t]he invalidity of the divorce decree in such a case [lack of personal jurisdiction] is the proper subject of an independent action to set it aside." *LaPotin,* 75 Nev. at 266, 339 P.2d at 124. We did *not* find that the district court had gained personal jurisdiction over the out-of-state party through her motion to set aside judgment.

In *Foster,* the defendants brought a motion under NRCP 60(b) to set aside the judgment on the grounds that it was void for lack

___

concern an "appearance" for the purposes of NRCP 55(b)(2). NRCP 55(b)(2) is designed to protect parties from having a default judgment entered against them; it imposes an affirmative duty on the party seeking a default judgment to notify a defendant who has "appeared" about upcoming hearings. Under this rule of civil procedure, "appearance" is interpreted liberally and includes attorney negotiations "where the defendant has indicated a clear purpose to defend the suit." *Gazin,* 102 Nev. at 624, 730 P.2d at 438. Thus, "[an] appearance within the contemplation of Rule 55(b)(2) does not necessarily require some presentation or submission to the court. [The] Rule is designed to insure fairness to a party . . . who has indicated a clear purpose to defend the suit." *Christy,* 94 Nev. at 654, 584 P.2d at 689 (citations omitted).

Rule 55(b)(2) has nothing to do with an appearance for personal jurisdiction purposes. In fact, the Nevada Rules of Civil Procedure specifically state that they "shall not be construed to extend or limit the jurisdiction of the district courts." NRCP 82.

[5]NRCP 60(b)(3) states that "[o]n motion . . . the court may relieve a party . . . from a final judgment, order, or proceeding . . . [if] the judgment is void."

of personal jurisdiction. We held that since the trial court had never obtained jurisdiction over the defendants, the judgment was void. *Foster,* 78 Nev. at 336-37, 372 P.2d at 682. Again, we did not find that personal jurisdiction was gained through the motion to set aside judgment.[6]

In Doyle v. Jorgensen, 82 Nev. 196, 414 P.2d 707 (1966), we held that a defendant who seeks relief under NRCP 60(b)(1)[7] and who does not confine the pleadings to jurisdictional matters of void judgment or defective service makes a general appearance. In *Doyle,* however, we recognized the difference in NRCP 60(b)(1) and NRCP 60(b)(3); we stated that "[the defendant] could have moved to set aside the judgment pursuant to NRCP 60(b)(3) [instead of NRCP 60(b)(1)]." *Id.* at 201, 414 P.2d at 710. We therefore inferred that a motion challenging personal jurisdiction under NRCP 60(b)(3) would not constitute a general appearance.

As Mr. Milton moved to set aside judgment for lack of jurisdiction under NRCP 60(b)(3) and sought no other relief, he did not make a general appearance. Therefore, the district court did not gain personal jurisdiction over him through his motion. We conclude that the district court had no jurisdiction to enter a judgment against Mr. Milton. Consequently, the district court order denying Mr. Milton's motion to set aside judgment is reversed; and the judgment against him is invalidated.

---

[6]We have held, in several cases, that when a defendant requests a remedy in addition to relief from jurisdictional defects or defective service of process, the defendant enters a general appearance and submits to the jurisdiction of the court. *See, e.g.,* Silver v. Telerent Leasing, 105 Nev. 30, 768 P.2d 879 (1989) (party has made a general appearance if his or her attorney moves to dismiss the case); Deros v. Stern, 87 Nev. 148, 151, 483 P.2d 648, 650 (1971) (movant who requests relief in addition to that necessary to contest a lack of personal jurisdiction makes a general appearance); Doyle v. Jorgensen, 82 Nev. 196, 201, 414 P.2d 707, 710 (1966) (defendant who does not confine pleadings to jurisdictional matters of void judgment or defective service and seeks relief under NRCP 60(b)(1) makes a general appearance); Selznick v. District Court, 76 Nev. 386, 388, 355 P.2d 854, 855 (1960) (defendant who requests that the case be dismissed or that service be quashed has entered a general appearance).

These cases do not apply to Mr. Milton because he did not seek the additional relief contemplated by them. Mr. Milton simply used NRCP 60(b)(3) to challenge the district court's judgment as void for lack of personal jurisdiction.

[7]NRCP 60(b)(1) states that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect."