*950 OPINION

Per Curiam:

This petition for a writ of prohibition or mandamus challenges an order of the district court denying a motion to dismiss. In its motion, brought in a special appearance in the district court, petitioner Indiana Insurance Company sought dismissal based on lack of personal jurisdiction of an action brought against it by the real parties in interest for payment of medical bills allegedly due under an insurance policy. Petitioner contends that the district court improperly denied the motion to dismiss for lack of personal jurisdiction because petitioner has insufficient contacts with Nevada to establish jurisdiction under Nevada’s long-arm statute and constitutional due process standards.
The district court denied petitioner’s motion to dismiss because it found that under our holding in Barnato v. Dist. Court, 76 Nev. 335, 340, 353 P.2d 1103, 1105 (1960), petitioner made a general appearance and subjected itself to the jurisdiction of the Nevada courts by filing the motion to dismiss. Barnato holds that adoption in Nevada of rules of civil procedure based on the Federal Rules of Civil Procedure did not change Nevada law, and that therefore a motion to dismiss an action, even when based on a ground which would warrant the granting of a motion to quash service of summons, constitutes a general appearance, regardless of the fact that it was designated a special appearance. Barnato, 76 Nev. at 340, 353 P.2d at 1105 (1960). Petitioner contends that the rule in Barnato exalts form over substance, and that the text of NRCP 12(b) does not give practitioners adequate notice of Nevada law as expressed in Barnato.
Petitioner’s arguments have merit. We have explained that “[a] general appearance is entered when a person (or the person’s attorney) comes into court as party to a suit and submits to the jurisdiction of the court.” Milton v. Gesler, 107 Nev. 767, 769, 819 P.2d 245, 247 (1991). “A special appearance is entered when a person comes into court to test the court’s jurisdiction or the sufficiency of service.” Id. More recently, we held that the timeliness of service of process could be challenged by a motion to dismiss without making a general appearance, while maintaining the Barnato rule that propriety of service could be challenged only by a motion to quash. Lacey v. Wen-Neva, Inc., 109 Nev. 341, 347-48, 849 P.2d 260, 264 (1993).
*951 Petitioner’s motion to dismiss for lack of personal jurisdiction not only is denominated a special appearance, it corresponds much more to a special than a general appearance as those concepts are defined in Milton. Therefore, we conclude that it is unjust to invoke Nevada’s jurisdiction over petitioner pursuant to the rule in Barnato. Further, we conclude that the time has come to abandon the rule that filing a motion to dismiss ipso facto constitutes a general appearance, as expressed in Barnato and its progeny. See Barnato v. Dist. Court, 76 Nev. 335, 337, 340, 353 P.2d 1103 (1960); see also Lacey v. Wen-Neva, Inc., 109 Nev. 341, 347-48, 849 P.2d 260, 263 (1993); Consolidated Casinos v. L.A. Caunter & Co., 89 Nev. 501, 515 P.2d 1025 (1973); Selznick v. District Court, 76 Nev 386, 355 P.2d 854 (1960). Henceforth, a motion to dismiss an action that is brought in a special appearance and based on a ground which would warrant the granting of a motion to quash service of summons does not ipso facto constitute a general appearance. A request for relief other than a challenge to the court’s jurisdiction, however, such as a request for relief premised on the court’s having jurisdiction over the parties, still constitutes a general appearance. See, e.g., Davis v. District Court, 97 Nev. 332, 335-36, 629 P.2d 1209, 1211-12 (1981) (request for additional relief in the form of attorney’s fees constitutes a general appearance subjecting a party to the jurisdiction of the Nevada courts), cert. denied, 454 U.S. 1055 (1981).
A writ of prohibition is the appropriate remedy for improper exercise of personal jurisdiction by a district court. See Judas Priest v. District Court, 104 Nev. 424, 760 P.2d 137 (1988). The sole basis of the district court’s determination to deny the motion to dismiss and exercise jurisdiction over petitioner is that petitioner filed a motion to dismiss rather than a motion to quash. Accordingly, in view of our opinion expressed above, we grant this petition. The clerk of this court shall forthwith issue a writ of prohibition prohibiting the respondent district court from exercising jurisdiction over petitioner on the basis of petitioner’s filing the motion to dismiss.