OPINION

Per Curiam:

In this original petition, petitioners seek to have respondents’ tort action against them dismissed for lack of personal jurisdiction. The dispute arises out of tortious conduct allegedly suffered by real parties in interest (“plaintiffs”) while they were patients at a Nevada psychiatric hospital. The hospital was owned, at different times, by two Nevada corporations, both defendants in the underlying action. Petitioners, also defendants in the underlying action, are the foreign corporate parents or their successors of the domestic corporations and their successors. Petitioners seek extraordinary relief[1] from this court on the ground that the Nevada District Court does not have jurisdiction over their persons and therefore is without authority to proceed against them.
The district court denied petitioners’ pretrial motion to dismiss for lack of personal jurisdiction after concluding that plaintiffs had adduced sufficient evidence of agency or control by the parent corporations to establish a prima facie showing of in personam jurisdiction. We have made a de novo review of the evidence presented to the district court and conclude that the district court reached the correct result. See Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 678-79 (1st Cir. 1992) (nonde- *1161 ferential, de novo standard applied on review of district court order dismissing claim for lack of jurisdiction over the person). Although this conclusion disposes of this matter, we emphasize that petitioners may still require plaintiffs to prove personal jurisdiction by a preponderance of the evidence at trial.[2] For the reasons set forth above, the petition for a writ of prohibition is denied.
Steffen, C. J., Springer, Shearing and Rose, JJ., and Zenoff, Sr. J.[3], concur.

The appropriate remedy for a district court’s erroneous refusal to quash service of process is a writ of prohibition. Trump v. District Court, 109 Nev. 687, 692, 857 P.2d 740, 743 (1993).

NRCP 12(d) provides that a pretrial motion for dismissal for lack of personal jurisdiction “shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial.” When the district court applies the prima facie standard of review — as it presumably did in this case as there was never an evidentiary hearing — and denies the motion to dismiss for lack of personal jurisdiction, the district court is implicitly, if not explicitly, ordering “that hearing and determination [of the motion to dismiss] be deferred until the trial.” Boit, 967 F.2d at 678 (interpreting identical Fed. R. Civ. Proc. 12(d)). Thus, so long as the personal jurisdiction issue is properly presented to the district court prior to trial, a defendant does not waive the right to challenge jurisdiction by making an appearance at trial and arguing the case on the merits. See generally Trump, 109 Nev. 687 , 857 P.2d 740 (setting forth in detail the procedural aspects of an in personam jurisdictional challenge).