OPINION
 

 Per Curiam:
 

 This is an original petition for a writ of prohibition challenging a district court order that denied a motion to quash service of process for lack of personal jurisdiction. Petitioner has filed a motion for a stay of the district court proceedings pending resolution of the petition so that it will not be forced to risk making a general appearance by answering the complaint filed against it. We conclude that the special/general appearance doctrine should be abrogated in light of the 1998 amendments to NRCP 12(b) and several recent decisions of this court, and that a stay is not warranted.
 

 Real party in interest Robert P. Gustavson filed a complaint in the district court against real party in interest Ramparts, Inc., alleging that he was injured when a chair broke at its property, the Luxor Hotel and Casino. Ramparts then filed a third-party complaint against real party in interest International Contract Furnishings, Inc. (“ICF”), the vendor of the chair. ICF subsequently filed its own third-party complaint against the chair’s manufacturer, petitioner Fritz Hansen A/S. Fritz Hansen moved to quash service of process, arguing that the district court lacked personal jurisdiction over it. Without holding an evidentiary hearing, the district court denied the motion. Shortly thereafter, ICF served a notice of its intention to take default; that same day, Fritz Hansen filed its petition in this court. Fritz Hansen later filed a motion in the district court for a stay of proceedings, pending resolution of the writ petition, which the district court denied. Fritz Hansen now seeks a stay in this court.
 

 Fritz Hansen is understandably concerned that if the litigation proceeds and it answers the complaint to avoid entry of default, it
 
 *653
 
 will have been deemed to have made a general appearance, thus waiving its contention that the district court lacks jurisdiction over it. This court has long endorsed the special/general appearance doctrine, which is the basis for much confusion and complexity regarding jurisdictional defenses and procedures in Nevada.
 

 Previously, we have explained that “[a] general appearance is entered when a person (or the person’s attorney) comes into court as party to a suit and submits to the jurisdiction of the court. A special appearance is entered when a person comes into court to test the court’s jurisdiction or the sufficiency of service.” Milton v. Gesler, 107 Nev. 767, 769, 819 P.2d 245, 247 (1991). More specifically, “when a defendant requests a remedy in addition to relief from jurisdictional defects or defective service of process, the defendant enters a general appearance and submits to the jurisdiction of the court.”
 
 Id.
 
 at 771 n.6, 819 P.2d at 248 n.6. On many occasions, we have held that litigants have undertaken some act that is inconsistent with appearing specially, thus subjecting themselves to the jurisdiction of the district court.
 
 See, e.g.,
 
 Davis v. District Court, 97 Nev. 332, 629 P.2d 1209 (1981) (holding that objecting to a motion for leave to file a second amended complaint and seeking attorney’s fees as a condition for leave to amend the complaint was a general appearance); Havas v. Long, 85 Nev. 260, 454 P.2d 30 (1969) (noting that filing a motion for summary judgment was a general appearance); Rahn v. Searchlight Mercantile Co., 56 Nev. 289, 49 P.2d 353 (1935) (holding that signing a stipulation extending the time to answer or otherwise respond to a complaint was a general appearance).
 

 The federal courts have concluded that the special/general appearance doctrine was abolished when they adopted Federal Rule of Civil Procedure 12, the origin of NRCP 12. The leading treatise on federal procedure observes:
 

 Prior to the federal rules, the practice was to appear specially for the purpose of objecting by motion to the jurisdiction of the court, the venue of the action, or an insufficiency of process or service of process; a failure to follow the correct procedure for doing so often resulted in a waiver of the defense. There no longer is any necessity for’ appearing specially to challenge personal jurisdiction, venue, or service of process. This is made clear by the absence in Rule 12 of any reference to either a general or special appearance and the express provisions in subdivision (b) to the effect that every defense may be made either in the responsive pleading or by motion, and that no defense or objection is waived by being joined with any other defense or objection in a responsive pleading or motion. Thus, technical distinctions between general and special appearances have been abolished and no
 
 *654
 
 end is accomplished by retaining the terms in federal practice.
 

 5A Charles Alan Wright & Arthur R. Miller,
 
 Federal Practice & Procedure
 
 § 1344 (1990) (footnotes omitted);
 
 accord
 
 S.E.C. v. Wencke, 783 F.2d 829, 832 n.3 (9th Cir. 1986) (noting that “Federal Rule of Civil Procedure 12 abolished the distinction between general and special appearances when the Federal Rules were adopted in 1938”).
 

 When the Nevada Rules of Civil Procedure were adopted, however, NRCP 12 was modified from the federal rule so that it could co-exist with the special/general appearance doctrine. At that time, and until amendments in 1998, NRCP 12(b) provided that
 

 [n]o defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion, except defenses numbered (2)-(4) [lack of jurisdiction over the person, insufficiency of process, and insufficiency of service of process] are waived if joined with one or more defenses other than defenses (2)-(4), or by further pleading after denial of such defenses.
 

 Barnato v. Dist. Court, 76 Nev. 335, 338, 353 P.2d 1103, 1104 (1960). The
 
 Barnato
 
 court expressly rejected the notion that NRCP 12’s adoption abrogated the special/general appearance doctrine: “Rule 12(b) as adopted in this state has not changed the general rule in existence at the time of its adoption which is to the effect that a defendant who requests relief additional to that necessary to protect him from defective service of process renders his appearance general.”
 
 Id.
 
 at 340, 353 P.2d at 1105. Consequently,
 
 Barnato
 
 concluded that a defendant who had moved to dismiss on jurisdiction and insufficiency of service grounds had made a general appearance, thereby waiving the jurisdiction defense.
 
 Id.
 

 Although this court strictly adhered to the reasoning in
 
 Barnato
 
 for many years,
 
 [1]
 
 we have more recently limited the application of the special/general appearance doctrine. For example,
 
 Barnato
 
 and its progeny were overruled by Indiana Insurance Co. v. District Court, 112 Nev. 949, 920 P.2d 514 (1996), which held that personal jurisdiction could be challenged by a motion to dismiss under NRCP 12(b)(2).
 
 [2]
 
 Similarly, Doyle v. Jorgensen, 82
 
 *655
 
 Nev. 196, 414 P.2d 707 (1966), which held that a motion under NRCP 60(b)(1) to set aside a judgment that was void for ineffective service was a general appearance, was later overruled by Gassett v. Snappy Car Rental, 111 Nev. 1416, 906 P.2d 258 (1995), which held that filing a motion to set aside a void judgment was not a general appearance.
 

 Additionally, in another recent opinion, we determined that once the personal jurisdiction issue has been initially raised, the district court need not resolve it completely until trial. Trump v. District Court, 109 Nev. 687, 692-93, 857 P.2d 740, 743-45 (1993). In
 
 Trump,
 
 we explained that if a defendant challenges personal jurisdiction, the plaintiff may demonstrate jurisdiction in one of two ways. First, the plaintiff may establish personal jurisdiction over the defendant by preponderance of the evidence at an evidentiary hearing. Alternatively, the plaintiff may make a prima facie showing of jurisdiction before trial commences, and then must prove jurisdiction at trial by a preponderance of the evidence.
 
 Id.
 

 Although we did not address the special/general appearance doctrine in
 
 Trump,
 
 we later stated that “so long as the personal jurisdiction issue is properly presented to the district court prior to trial, a defendant does not waive the right to challenge jurisdiction by making an appearance at trial and arguing the case on the merits.” Hospital Corp. of America v. Dist. Court, 112 Nev. 1159, 1161 n.2, 924 P.2d 725, 726 n.2 (1996).
 
 [3]
 
 Thus, a conflict was created with respect to the procedure outlined in
 
 Trump
 
 and the doctrine of special/general appearances, as reflected in NRCP 12(b) as it then existed.
 

 In 1998, following our decision in
 
 Trump,
 
 we amended NCRP 12(b) so that it became consistent with the federal rule. In particular, NRCP 12(b) was revised to provide that the defenses of lack of jurisdiction and insufficient process and service of process are
 
 not
 
 waived by being joined with other defenses and objections in a responsive pleading or pre-pleading motion. The rule now provides, in pertinent part, as follows:
 

 Every defense, in law or fact . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: .... (2) lack of jurisdiction over the person, (3) insufficiency of process, (4) insufficiency of service of process .... No defense or objection is waived by being
 
 *656
 
 joined with one or more other defenses or objections in a responsive pleading or motion.
 

 NRCP 12(b).
 

 In light of these changes to Rule 12(b), we now abrogate the doctrine of special/general appearances. As the Ninth Circuit has recognized, “the express language and purpose of Rule 12 . . . seeks to consolidate all pre-trial defenses and objections by eliminating the distinction between general and special appearances.” Martens v. Winder, 341 F.2d 197, 200 (9th Cir. 1965). The amendments to NRCP 12 have abolished
 

 the age-old distinction between general and special appearances. A defendant need no longer appear specially to attack the court’s jurisdiction over him. He is no longer required at the door of the . . . courthouse to intone that ancient abracadabra of the law, de bene esse, in order by its magic power to enable himself to remain outside even while he steps within. He may now enter openly in full confidence that he will not thereby be giving up any keys to the courthouse door which he possessed before he came in. This, of course, is not to say that such keys must not be used promptly.
 

 Orange Theatre Corp. v. Rayherstz Amusement Corp., 139 F.2d 871, 874 (3d Cir. 1944),
 
 quoted in
 
 Wright & Miller, § 1344, at 171. Because any technical differences between general and special appearances no longer exist under Rule 12, the doctrine has no remaining vitality in Nevada. It will no longer serve as a “trap for the unwary.”
 
 See
 
 Paul A. Bible,
 
 Special Appearances[:] Trap for the Unwary,
 
 43 Inter Alia 16 (1978). Our conclusion today is consistent with the procedure outlined in
 
 Trump
 
 and
 
 Hospital Corp.,
 
 as well as our prior retreat from a rigid application of the general/special appearance doctrine.
 

 Now, before a defendant files a responsive pleading such as an answer, that defendant may move to dismiss for lack of personal jurisdiction, insufficiency of process, and/or insufficiency of service of process, and such a defense is not “waived by being joined with one or more other defenses.” Alternatively, a defendant may raise its defenses, including those relating to jurisdiction and service, in a responsive pleading. Objections to personal jurisdiction, process, or service of process are waived, however, if not made in a timely motion or not included in a responsive pleading such as an answer.
 
 [4]
 

 See
 
 NRCP 12(g) and (h)(1). Thus, to avoid waiver
 
 *657
 
 of a defense of lack of jurisdiction over the person, insufficiency of process, or insufficiency of service of process, the defendant should raise its defenses either in an answer or pre-answer motion. See NRCP 12; Dougan v. Gustaveson, 108 Nev. 517, 835 P.2d 795 (1992),
 
 abrogated in part on other grounds by
 
 Scrimer v. District Court, 116 Nev. 507, 998 P.2d 1190 (2000).
 

 Fritz Hansen’s stay motion
 

 This court’s rules generally require a party to seek a stay in the district court before seeking a stay in this court. NRAP 8(a). While this rule applies on its face to appeals, the requirement is a sound one that should also apply to writ petitions when the order the petition seeks to challenge is one issued by a district court. Fritz Hansen fulfilled this requirement by unsuccessfully moving for a stay in the district court.
 

 In deciding whether to issue a stay, this court generally considers the following factors:
 

 (1) Whether the object of the appeal or writ petition will be defeated if the stay is denied;
 

 (2) Whether appellant/petitioner will suffer irreparable or serious injury if the stay is denied;
 

 (3) Whether respondent/real party in interest will suffer irreparable or serious injury if the stay is granted; and
 

 (4) Whether appellant/petitioner is likely to prevail on the merits in the appeal or writ petition.
 

 See
 
 NRAP 8(c); Kress v. Corey, 65 Nev. 1, 189 P.2d 352 (1948).
 

 The object of the writ petition
 

 First, the object of the writ petition will not be defeated if the stay is denied. Fritz Hansen will not waive its jurisdictional defense by answering after its motion to quash was denied; as Fritz Hansen timely challenged jurisdiction, Rule 12’s waiver provisions do not apply. Additionally, in denying Fritz Hansen’s motion to quash without an evidentiary hearing, the district court presumably applied a prima facie standard of review, and the dis
 
 *658
 
 trict court implicitly ordered that the hearing and determination of personal jurisdiction be deferred to trial.
 
 See Hospital Corp.,
 
 112 Nev. at 1161 n.2, 924 P.2d at 726 n.2;
 
 Trump,
 
 109 Nev. at 692-93, 857 P.2d at 743-45. Hence, Fritz Hansen’s appearance, after its motion to quash was denied, would not amount to a waiver of its challenge to the district court’s jurisdiction. Accordingly, the first stay factor does not suggest that a stay is warranted.
 

 Irreparable or serious harm
 

 Fritz Hansen would not suffer irreparable or serious injury if the stay is denied. It argues that it should not be required to participate “needlessly” in the expense of lengthy and time-consuming discovery, trial preparation, and trial. Such litigation expenses, while potentially substantial, are neither irreparable nor serious.
 
 See, e.g.,
 
 Dixon v. Thatcher, 103 Nev. 414, 415, 742 P.2d 1029, 1029-30 (1987) (noting that, with respect to injunctive relief, irreparable harm is harm for which compensatory damages would be inadequate, such as the sale of a home at trustee’s sale, because real property is unique); Berryman v. Int’l Bhd. Elec. Workers, 82 Nev. 277, 280, 416 P.2d 387, 389 (1966) (stating that with respect to harm, there should be a “reasonable probability that real injury will occur if the injunction does not issue”);
 
 see
 
 Wisconsin Gas Co. v. F.E.R.C., 758 F.2d 669, 674 (D.C. Cir. 1985) (noting that “‘[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough’ ’ ’ to show irreparable harm) (quoting Virginia Petroleum Job. Ass’n v. Federal Power Com’n, 259 F.2d 921, 925 (D.C. Cir. 1958));
 
 cf.
 
 Sobol v. Capital Management, 102 Nev. 444, 446, 726 P.2d 335, 337 (1986) (concluding, in the context of an injunction, that “acts committed without just cause which unreasonably interfere with a business or destroy its credit or profits, may do an irreparable injury”).
 

 Additionally, it does not appear from the documents before us that ICF would suffer irreparable or serious injury if the stay were granted. Nevertheless, the underlying proceedings could be unnecessarily delayed by a stay, particularly where the district court has made only a preliminary determination as to personal jurisdiction, and the issue remains for trial.
 

 Likelihood of success on the merits
 

 Finally, we conclude that Fritz Hansen has not shown that it is likely to prevail on the merits. Its argument, that this court may have erred in its discussion of certain personal jurisdiction principles in Judas Priest v. District Court, 104 Nev. 424, 760 P.2d 137 (1988), runs contrary to this court’s well-established case law.
 
 *659
 
 Thus, Fritz Hansen cannot be deemed likely to demonstrate that extraordinary relief is warranted. Although, when moving for a stay pending an appeal or writ proceedings, a movant does not always have to show a probability of success on the merits, the movant must “present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay.” Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. 1981). Here, Fritz Hansen has not demonstrated that its writ petition raises a substantial legal question; additionally, the other stay factors do not militate in Fritz Hansen’s favor. Accordingly, we deny Fritz Hansen’s motion for a stay.
 
 [5]
 

 [1]
 

 See, e.g.,
 
 Silver v. Telerent Leasing, 105 Nev. 30, 768 P.2d 879 (1989); Deros v. Stern, 87 Nev. 148, 483 P.2d 648 (1971); Benson v. District Court, 85 Nev. 327, 454 P.2d 892 (1969).
 

 [2]
 

 Even though in
 
 Indiana Insurance
 
 we held that a motion to dismiss for lack of personal jurisdiction was no longer a general appearance, we also continued to embrace the special/general appearance doctrine and stated that “[a] request for relief other than a challenge to the court’s jurisdiction, . . . such as a request for relief premised on the court’s having jurisdiction over the parties, still constitutes a general appearance.”
 
 Indiana Insurance,
 
 112 Nev. at 951, 920 P.2d at 516.
 

 [3]
 

 The approach in
 
 Trump
 
 and
 
 Hospital Corp.
 
 is consistent with NRCP 12(d), which provides that “[t]he defenses specifically enumerated [in NRCP 12(b)(l)-(6)], whether made in a pleading or by motion . . . shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial.”
 

 [4]
 

 Defenses under NRCP 12(b) are subject to waiver if not raised promptly. NRCP 12(g) provides that any Rule 12 motion may be joined with any other
 
 *657
 
 Rule 12 motion, but that if a defense or objection is omitted from a motion, the movant may not later make a motion based on the omitted defense or objection. NRCP 12(h)(1) explains that defenses relating to jurisdiction and sufficiency of process or service of process are generally waived if not raised “by motion under this rule [or] included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.”
 

 [5]
 

 On January 31, 2000, we granted a temporary stay in order to consider Fritz Hansen’s motion. In light of our decision, we vacate the temporary stay.