**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AARON EVEN,

      Plaintiff - Appellant,

v.

ROBERT DEAN HEBEL,

      Defendant - Appellee.

No. 24-3726

D.C. No.
2:23-cv-01360-GMN-EJY

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted May 13, 2025[**]
Phoenix, Arizona

Before: RAWLINSON, BUMATAY, and SANCHEZ, Circuit Judges.

Plaintiff Aaron Even appeals the district court's grant of Defendant Robert

Hebel's motion to dismiss for failure to timely serve. The parties were involved in

an auto collision in Nevada. Plaintiff's state court cause of action was removed to

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

federal court based on complete diversity of the parties. After Plaintiff moved for an extension of time in which to serve his complaint, the district court found no good cause for an extension and dismissed Plaintiff's complaint for failure to timely serve. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    For the first time on appeal, Plaintiff alleges that the district court lacked subject matter jurisdiction because both parties were Nevada residents when Plaintiff filed his state court complaint. This court reviews questions of subject matter jurisdiction de novo, "despite any failure to object to the removal in the trial court." *Schnabel v. Lui*, 302 F.3d 1023, 1029 (9th Cir. 2002). Although Plaintiff's complaint alleged that both parties were Nevada residents, Defendant's notice of removal asserted that "Defendant resides in Iowa." Plaintiff neither challenged this factual assertion below, nor moved to remand the case to state court. The "failure to contest facts alleged on removal constitutes an admission of those facts." *Id.* at 1032 (citing *Albrecht v. Lund*, 845 F.2d 193, 194 (9th Cir. 1988)). Defendant was not required to allege anything further to establish complete diversity for purposes of removal. *See NewGen, LLC v. Safe Cig LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016). The district court had jurisdiction over this dispute.[1]

2.    Plaintiff contends that the district court abused its discretion by

---

[1] Because the court finds that subject matter jurisdiction was properly alleged, Defendant's motion for judicial notice is denied as moot.

finding that the factors articulated in *Scrimer v. Eighth Judicial District Court ex rel. County of Clark*, 998 P.2d 1190 (Nev. 2000), used by Nevada courts to assess whether extensions for time to serve should be granted, supported denying an extension. We review for abuse of discretion the district court's decision not to extend the service period. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (citations omitted).

Under Nevada law, Plaintiff was required to serve Defendant with the summons and complaint "no later than 120 days" after the complaint was filed, unless the court granted an extension of time. Nev. R. Civ. P. 4(e)(1). Because Plaintiff moved for an extension before the 120-day service deadline, he was required to show good cause. Nev. R. Civ. P. 4(e)(3). The district court properly applied the *Scrimer* factors and denied Plaintiff's motion because it found he had not been diligent in litigating his case. *See Moroney v. Young*, 520 P.3d 358, 361–62 (Nev. 2022) (quoting *Scrimer*, 998 P.2d at 1196). We find no abuse of discretion in the district court's determination.

After Plaintiff filed a non-conforming complaint, the state court clerk's office issued a notice of non-conforming document. Plaintiff did not correct the error until the day before the service deadline and did not serve Defendant until after the deadline had passed. Failure by counsel to promptly litigate a case and adhere to deadlines does not constitute good cause. *See id.* at 362 (holding

3                                                                 24-3726

plaintiff unreasonably delayed service attempt by waiting until statute of limitations deadline to file and until the service deadline to file a motion to extend service period); *Wei v. State of Hawaii*, 763 F.2d 370, 371–72 (9th Cir. 1985) (per curiam) (finding no good cause for an extension when counsel failed to calendar the 120-day service deadline). The district court also noted that although Defendant had moved from Nevada, Plaintiff had little difficulty in finding and serving Defendant three weeks after the service deadline had passed. The district court did not abuse its discretion in finding that the *Scrimer* factors supported denial of Plaintiff's motion.

3. Plaintiff argues that Defendant waived his service of process challenge by filing in state court a combined motion to dismiss for lack of service and opposition to Plaintiff's motion for an extension of time to serve. The district court was correct in finding that under federal law, a party does not waive service of process objections by removing to federal court. *See Gen. Inv. Co. v. Lake Shore & M.S. Ry. Co.*, 260 U.S. 261, 268–69 (1922) (stating as "well settled" that a removal petition is a special appearance enabling removing party to challenge sufficiency of "prior service"); *see also Benny v. Pipes*, 799 F.2d 489, 492–93 (9th Cir. 1986) (concluding that defendant's three motions to enlarge time to respond to complaint did not constitute general appearance where third motion reserved affirmative defense for insufficiency of service).

24-3726

Even if Nevada law applied to the question of waiver, the outcome would be the same. The Nevada Supreme Court abrogated the doctrine of special and general appearances. Revisions to Nevada Rule of Civil Procedure 12(b) now allow a defendant, before they file a "responsive pleading such as an answer . . . [to] move to dismiss for . . . insufficiency of process, and/or insufficiency of service of process, and such a defense is not waived by being joined with . . . other defenses." *Hansen v. Eighth Jud. Dist. Ct. ex rel. Cnty. of Clark*, 6 P.3d 982, 986 (Nev. 2000). The district court correctly found Defendant had not waived its service of process challenge.

**AFFIRMED.**